## THE PEOPLE vs. IRVIN.

The *nephew* of a person dying intestate and seised of an estate of inheritance, although a *naturalized citizen* is not capable of inheriting the estate, if his father be an *alien* and living at the time of the decease of the person last seised, notwithstanding the provision in the statute of descents, " that no person capable of inheriting, &c. shall be precluded from such inheritance by reason of the *alienism* of any *ancestor* of such person." ·

Our statute is substantially like the act of 11 and 12 Wm. III, ch. 6, and must receive the same construction, viz. that it does not enable a person to deduce title through an *alien ancestor still living*.

THIS was an action of ejectment tried at the New York circuit, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The premises claimed were alleged to have *escheated* by the death of one *Thomas Irvin* without heirs capable of inheriting. Thomas Irvin, although an *alien* born, had been *duly naturalized*, and was a citizen of the United States. He died intestate the 10th May, 1837, seised in fee of the premises in question. He left no *children* or child, or other lineal descendant, nor was his *father* or *mother* living at the time of his decease; nor had he any *brother* or *sister* except such as were at all times *aliens*. He left at his decease a brother named *William*, then and at the time of the trial of this cause residing in Glasgow, in Scotland, an *alien*. A son of this brother, viz. *Richard Irvin*, the defendant in this cause, has resided in this state for the last 15 years, and was *duly naturalized* 10th December, 1834. He claims as the next of kin capable of inheriting, to be the heir at law of Thomas Irvin, and has accordingly taken possession of the premises. It was conceded on his part, if he was not capable of inheriting, that the property had *escheated*. The jury found a special verdict. This cause was argued at the last October term.

*S. Beardsley*, (attorney-general) for the people. It is conceded by the defendant that the property in question has *escheated*, unless he was capable of taking by *descent* on the

decease of his uncle ; and it is insisted on the part of the people that he can not take because he must make title to the premises *through* his father, who is an *alien* and now living. 2 Kent's Comm. 55, 3d ed. ; 9 Wheaton, 354. 7 Wendell, 332. 10 id. 9. The statutory provision that no person capable of inheriting, &c. shall be precluded from such inheritance by reason of the *alienism* of any of his ancestors, 1 R. S. 754, § 22, does not help the defendant ; having been held to be the same in substance as the act of 11 and 12 Wm. III, ch. 6, which does not enable a person to deduce title through an *alien ancestor still living*. See authorities above cited. Under our statute of descents the *brother* of the person last seised would be entitled to the property but for his *alienage,* and during his life the defendant is not capable of inheriting, and therefore is not within the provisions of the statute. The fact of his father being living excludes him. It is only a person capable of inheriting within the provisions of the statute, who is not to be precluded, &c.

*D. Lord, jun. & B. F. Butler,* for the defendant insisted that by the *sixteenth* section of the statute of descents, which declares that "in all causes not provided for by the preceding rules, the inheritance shall descend according to the course of the common law," as modified by § 22, of the same statute, the defendant was capable of taking, 1 R. S. 753, § 16, and 754, § 22, and that our statute in respect to the *alienism* of the *ancestor* is different from the act of 11 and 12 Wm. III, ch. 6, and should be construed to authorize a descent to the nephew, although his father is an *alien* and still *living.* In support of this last position they cited Yorke on Forfeitures, 76, 87 ; 7 Johns. R. 214 ; 2 Black. Comm. 251 ; 2 Mass. R. 179, n. 2 Leigh's R. 109.

*By the Court,* NELSON, Ch. J. *William,* the brother of the person last seised, if a citizen and capable of inheriting at the time of the decease of the intestate, would have taken the estate under § 8, of our statute of descents ; and if dead leaving issue, also capable, they would like him have

taken under the same section.   1 R. S. 752, § 8.   7 Wendell, 336.   But he is an *alien* and therefore cannot take, and his uninheritable blood impedes the descent to the naturalized son, the defendant.   It is perfectly settled upon all the law, that the nephew does not inherit immediately or personally from the uncle; that he must derive title from the common stock, (the grandfather) through the blood of the father; he stands in the second degree.   2 Black. Comm. 207, 227.   7 Wend. 332, *and the cases there cited.*   10 id. 9, *and* 6 Peters, 108.

The only remaining question then is, whether the defendant is brought within the statute, 1 R. S. 754, § 22, ameliorating the law in respect to heirs claiming *through alien ancestors.*   It provides, that "no person capable of inheriting under the provisions of this chapter, shall be precluded from such inheritance, by reason of the *alienism* of any *ancestor* of such person."   This section was taken, substantially from the 11 and 12 Wm. 3, ch. 6,* which is understood to apply only to the case of a *deceased,* not of a *living* ancestor; 9 Wheaton, 354; 2 Kent's Comm. 55, 3d ed.; 7 Wend. 339; though I have not been able to find any express adjudication in England on the point.

Judgment for plaintiff.

---

* The words of the statute of 11 and 12 Wm. III, ch. 6, are "That all and every person or persons, being the king's natural born subject or subjects, within any of the king's realms or dominions, shall and may hereafter lawfully inherit and be inheritable, as heir or heirs to any honors, manors, lands, tenements or hereditaments, and make their pedigrees and titles by descent from any of their ancestors, lineal or collateral, although the father and mother, or fathers or mothers, or other ancestor of such person or persons, by, from, through or under whom he, she or they shall or may make or derive their title or pedigree, were or was, or is or are, or shall be born out of the king's allegiance, and out of his majesty's realms and dominions, as freely, fully and effectually to all intents and purposes, as if such father or mother, or fathers or mothers, or other ancestor or ancestors, by, from, through or under whom he, she, or they shall or may make or derive their title or pedigree, had been naturalized or natural born subjects.