23   25
92h 242

## FERDINAND ST. JOHN *vs.* JAMES NORTHRUP.

Upon the trial of an action of ejectment, brought in the names of several plaintiffs, the defendant's counsel, upon the opening of the case, moved for judgment on the ground that the complaint did not state facts sufficient to constitute a cause of action in favor of either of the plaintiffs separately, or in favor of all of them, jointly, whereupon the plaintiff's counsel offered to rely upon the title of F. S., one of the plaintiffs, and moved for leave to amend the complaint so as to set up title in him alone. The judge permitted the trial to proceed upon the offer of the plaintiff's counsel to rely exclusively upon the title of F. S.; leaving the plaintiffs to apply for leave to amend. The court, at special term, subsequently made an order giving leave to the plaintiffs to amend the complaint, so as to charge that the title was in F. S. alone. *Held*, that the rulings at the circuit were upon questions of practice, not affecting

St. John *v.* Northrup.

the merits of the controversy ; and that they were within the discretion of the court, and did not form sufficient grounds for granting a new trial, or for refusing judgment for the plaintiff upon a case.

Where a complaint alleged that W. J. S. died seised of real estate, leaving no child capable of inheriting, and that the land thereupon descended to F. S. *as sole heir at law,* &c. ; *Held,* that this must be regarded as equivalent to an allegation that F. S. was W. J. S.'s heir and only heir at law.

Less strictness should be observed in considering objections to a complaint, after the defendant has answered upon the merits, and waits until the trial to raise them, than if the questions were presented by demurrer to the complaint.

It is only such defects in the complaint as are incurable, that a defendant can take advantage of on the trial.

Where a complaint, in ejectment, described the premises as *about* fifty acres in the southern part of a lot, which was fully and perfectly described ; *Held* that this was a sufficient description ; but that if necessary the complaint could be amended, by striking out the word " about."

By the 14th section of the title of the revised statutes relative to the descent of real property, in case of the death without descendants, of an intestate who is illegitimate, the inheritance is to go to the relatives of the intestate on the part of his mother, only in case she be dead, which means, if she be dead at the time of the death of the intestate.

Where the mother is living, at the time of the death of an illegitimate intestate, the case provided for in the statute, in which the relatives of the intestate on the part of the mother shall inherit, does not arise, and the common law rule must govern.

And if the mother of the intestate is an alien, so that she cannot inherit the lands, the brother of the intestate cannot receive the inheritance through her.

By the common law, a person of illegitimate birth, not having inheritable blood, can neither inherit lands himself, nor transmit them by descent to any other person, excepting his own legitimate offspring, or persons otherwise capable of inheriting, claiming by inheritance from or through them.

MOTION by the plaintiff, Ferdinand St. John, for judgment on a verdict in his favor, taken at the circuit held in Ontario county in February, 1855, subject to the opinion of the supreme court upon a case. The facts stated in the opinion of the court are sufficient for the understanding of the questions decided. The action was to recover the possession of real estate.

*A. H. Dana* and *H. R. Selden,* for the plaintiff.

*E. G. Lapham* and *B. F. Cooper,* for the defendant.

St. John *v.* Northrup.

*By the Court,* WELLES, J.  The issue originally made by the pleadings was between John Henry Herbert St. John, an infant, by his guardian Henry Joseph St. John, and Ferdinand St. John, as plaintiffs, and the defendant.  The complaint stated, in substance, that William James St. John, deceased, the father of the plaintiff, John Henry Herbert St. John, was seised in fee of the premises in question.  That in the year 1845, the said William James died, leaving a will, whereby a power in trust was granted to the executors therein named, to sell all his estate, real and personal, in the state of New York, and after satisfying the charges and incumbrances thereon, to divide the proceeds equally between the wife and children of the said William James.  That he left him surviving a wife and one child, viz. the plaintiff, John Henry Herbert St. John, who was born abroad, viz. in France, and is now an infant, &c.  That the wife has since died, leaving no other children than the said John Henry Herbert, and that she was an alien.  That the said John Henry Herbert is sole heir of whatever estate was left by the said William James St. John, and also of the deceased wife, and that, subject to the execution of the power contained in the said will, the title to the lands in question descended to the said John Henry Herbert, unless he is precluded from inheriting by reason of having been born out of the United States; and that in case he is thereby disabled, then that the said Henry Joseph and Ferdinand, as brothers of the deceased William James St. John, took by descent the title to the lands, subject in like manner to the execution of the said power, unless the said Henry Joseph is precluded by reason of having been born out of lawful wedlock, and if disabled thereby to inherit, then the title to the said lands descended to the said Ferdinand alone, subject to the execution of said power.

The foregoing contains a statement of the title of the plaintiffs.  The complaint then alleges the wrongful entry by the defendant, in the lifetime of the said William James, with subsequent and continued refusal to deliver up the same.  The description of the premises claimed is in the following words: "About fifty acres of land in the southern part of lot number

eight in the fifteenth range of lots, in township number seven in the fourth range of townships, in Phelps and Gorham's pur- chase ; all which property is situated in the town of Naples, in the county of Ontario and state of New York."

The complaint concludes with a demand of judgment for the possession, &c. and $1000 damages, &c. The defendant's an- swer was a denial of each and every allegation contained in the complaint. At the trial, the plaintiffs' counsel being about to proceed with the evidence on their part, the defendant's counsel objected, and moved for judgment in favor of the defendant, on the ground that the complaint did not state facts sufficient to constitute a cause of action in favor of either of the plaintiffs separately, or in favor of all of them jointly. The plaintiffs' counsel then offered to rely upon the title of the plaintiff Fer- dinand St. John, and moved for leave to amend the complaint so as to set up title in him alone. The defendant's counsel object- ed to such amendment being made. The judge permitted the trial to proceed upon the offer of plaintiffs' counsel to rely ex- clusively upon the title of Ferdinand St. John, leaving the plain- tiffs to apply thereafter for leave to make the necessary formal amendments. To this the defendant's counsel excepted. The proposed amended complaint is similar to the original one, ex- cepting that it is entitled in the name of Ferdinand St. John as sole plaintiff, and excepting also in the statement of the plain- tiff's title to the premises in question. It states the seisin of William James St. John, his will and death, leaving a child born in France, the subsequent death of his wife, leaving no other children than said John Henry Herbert St. John, and that she was an alien, in like manner as stated in the original complaint. It then states "that the title to the said lands descended, on the death of the said William James, to him the said Ferdinand, as sole heir at law, subject to the execution of the power con- tained in the said will." In pursuance of the leave granted, &c. a motion was made at a special term, held in the county of Wayne, in October, 1855, for leave to amend the complaint con- formably to the foregoing proposed amended complaint, which was annexed to the case, and a copy thereof served, with the

St. John *v.* Northrup.

copy of the case as proposed by the plaintiff, upon the defendant's attorney; upon which motion—which was opposed—an order was made that the plaintiff should have leave to amend the complaint so as to conform the same to the copy so served; and that the complaint as amended, be included in the case; upon certain conditions mentioned in the order, which have been complied with by the plaintiffs.

The defendant's counsel now contends that it was an error at the circuit to allow the plaintiff to proceed in the name and upon the title of one of the original plaintiffs alone, and that the special term had no authority to make the order for the amendment of the complaint. The rulings at the circuit on this subject were upon questions of practice, not affecting the merits of the controversy between the parties. They were not calculated to produce any surprise of which the defendant has a right to complain, nor to obstruct, but rather to advance, the ends of justice; and were clearly within the discretion of the court. We think they do not form sufficient grounds for granting a new trial; or of refusing judgment for the plaintiff on the case. (*Code,* § 173.)

The issue must now be regarded, for the purposes of all the questions arising upon the present case, as having been formed upon the amended complaint, and the answer of a general denial of all its allegations as put in to the original complaint, and the objection made at the trial, to. the sufficiency of the complaint, must be regarded as made to the amended complaint. That objection, as so applied, was that the amended complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff Ferdinand St. John. It was reduced upon the argument to the following specifications: 1st. That whether the will of William James St. John vested a fee or a mere power in trust in the executors is a question for the court, upon an examination of the will, which is not shown or its whole contents stated, and not a question for the jury. This specification is not warranted by the complaint. The whole statement of the pleading in relation to William James St. John having left a will must be taken together, as well the statement of the contents of the will as the fact of his having left a will. When

this is done, it is obvious that the title or fee of the land did not pass by the will, which contained a power in trust to the executors to sell all his estate, real and personal, in the state of New York. There is no propriety in, or authority for saying, in the absence of any statement or allegation in the complaint to that effect, that the will made a disposition of the fee during the interval between the death of the testator and the execution of the power in trust to sell. If it did not, then the fee descended to the lawful heirs of the testator, if he had any, who would hold until the power was executed. 2d. Another specification is, that the complaint states no fact showing that Ferdinand was the heir at law of William James St. John. It is sufficient to say, in reference to this objection, that the complaint alleges that upon the death of William James, the title of the premises in question descended to Ferdinand, *as sole heir at law*, subject, &c. The fact that Ferdinand is the sole heir at law of William James is here substantially alleged. No one can fail to see that such was the intention of the pleader. Less strictness should be required in considering this question, after the defendant has answered upon the merits and waits until the trial to raise it, than if the question was presented by demurrer to the complaint. It is only such defects in the complaint as are incurable, that the defendant can take advantage of on the trial. (*Burnham* v. *De Bevorse,* 8 *How. Pr. R.* 159.) The case of *Lawrence* v. *Wright,* (2 *Duer,* 673,) referred to by the defendant's counsel, was decided on demurrer to the complaint, and was a clear case of a radical defect in the complaint. In the present case the amended complaint shows that William James St. John died, leaving no child capable of inheriting, and that the land in question thereupon descended to Ferdinand, as sole heir at law, &c. This, I think, in this stage of the case, may be regarded as equivalent to an allegation that Ferdinand was William James's heir and only heir at law. Upon the whole, it will be best, under the circumstances, to overrule this objection in this place, as the case subsequently presents the evidence in support of the claim of Ferdinand to the inheritance, which will be hereafter fully considered. 3d. There is one other

St. John *v.* Northrup.

objection taken to the amended complaint, viz. that the premises claimed are not sufficiently described. Whatever might be said if the objection had been taken by demurrer, I think it comes too late. I doubt very much whether it should prevail in any stage of the action. The premises are described as *about* fifty acres in the southern part of a lot, which lot is fully and perfectly described. If the word "about" were expunged, there would be no question. It would then call for fifty acres, bounded on the east, south and west by the east, south and west lines of the lot, and on the north by a line parallel with the south line, far enough north to include fifty acres. The north line, then, could be easily ascertained by measurement. If necessary, the complaint can be further amended, by striking out the word "about," and then all ground of objection in this respect will be removed. Upon the trial, the plaintiff gave evidence tending to show that William James St. John was seised in fee in his lifetime of the premises described in the complaint, or of some part thereof. A stipulation signed by the attornies in this and several other causes was then read in evidence by the plaintiffs' counsel, by which the following facts were admitted, viz : That the late Lord Bolingbroke, of England, the father of two of the plaintiffs, viz. Henry Joseph St. John and Ferdinand St. John, having a wife in England, married, under the feigned name of Bellassis, the Baroness Homspech, a German lady, and brought her to America about the year 1795, and was domiciled in the United States several years, until after the death of his first wife, which occurred in the year 1804. He was then married a second time to the Baroness Homspech, in the city of New York. That the said Lord Bolingbroke had five children by that lady, all born in the United States, viz. William James St. John, Henry Joseph St. John, and two daughters, Isabella and Antoinette, and the said Ferdinand St. John. The first four were born before, and the youngest, Ferdinand, after the second marriage. The daughters died many years ago, before the commencement of these suits, and before the year 1835 ; that said daughters died under age, intestate and unmarried. That the said five children were born in the city of New York,

and the said William James prior to the year 1802.   That about the year 1807, the said Lord Bolingbroke returned to England with his children, where the said William James St. John was married and removed to Boulogne, Sur Mer, in France, where his son, John Henry Herbert St. John, was born in the month of November, 1835, where he and his mother, who was an alien, resided until her death, subsequent to the year 1849.   That the said William James St. John died on the 10th of March, 1845, leaving his mother him surviving, who is now dead, but survived her son a number of years.

It is contended on the part of the plaintiff, upon the facts embraced in this admission, that upon the death of William James St. John his lands in this state descended to Ferdinand St. John. It is not claimed, and cannot be, that at the common law such would be the case, because William James St. John was of illegitimate birth, and not having inheritable blood, could neither inherit lands himself, nor transmit them by descent to any other person, excepting his own legitimate offspring or persons otherwise capable of inheriting, claiming by inheritance from or through them.   Our statute of descents, however, has introduced a modification of the rule of the common law in this respect. The statute referred to provides that, "In case of the death without descendants, of an intestate, who shall have been an illegitimate, the inheritance shall descend to his mother.   If she be dead, it shall descend to the relatives of the intestate on the part of the mother, as if the intestate had been legitimate." (1 *R. S.* 753, § 14.)   The mother of William James, Lady Bolingbroke, who survived him, could not under this statute inherit his lands, because she was an alien, and his son, John Henry Herbert, could not inherit, because he was also an alien.   His brother, Henry Joseph, was incapable of inheriting, as well because of his own, as of William James's illegitimate birth.   The question then is, whether Ferdinand the plaintiff is entitled to the inheritance.   He could not receive it through his mother, who was also the mother of William James, because she was an alien, and for that reason incapable of receiving or transmitting the inheritance.   We are not able to perceive, therefore, how

the statute can aid the plaintiff in the present case. Ferdinand did not succeed to the inheritance, because, at the death of William James, the latter had a mother who survived him. By the statute, the inheritance is to go to the relatives of the illegitimate intestate, on the part of his mother, only in case she be dead, which means, if she be dead at the time of the death of the illegitimate dying seised. In the present case the mother was living, and therefore the case provided for in the statute, in which the relatives of the intestate on the part of the mother shall inherit, does not arise, and the common law rule must govern. (*The People* v. *Irvin*, 21 *Wend.* 128.)

If this view is correct, it puts an end to the claim of Ferdinand St. John to the premises in question, and supersedes the necessity of considering any of the numerous other questions raised and discussed upon the argument; and it follows that the defendant is entitled to judgment on the case.

Ordered accordingly.

[MONROE GENERAL TERM, September 1, 1856. *Johnson, T. R. Strong* and *Welles*, Justices.]