## Root vs. Bonnema.

*Demand.*

1. Where defendant had drawn from his boom, and manufactured into lumber, logs belonging to other parties, who afterwards transferred their rights therein to plaintiff, the latter could not maintain an action for the lumber without showing a *demand* therefor upon defendant, made after the title vested in him.

2. Where defendant has willfully or indiscriminately intermixed plaintiff's goods with his own, so that they cannot be distinguished, and the goods intermixed are of different qualities or values, plaintiff is entitled to the whole.

APPEAL from the Circuit Court for *La Crosse* County.

Action for the unlawful taking and detention of 60,000 feet of lumber belonging to plaintiff. The complaint avers demand and refusal of the lumber; and that its value was $900; and demands judgment for that sum, with interest, and also "a further judgment awarding him the possession of said property, and in case it is retained by defendant pending the action, such further damages for such wrongful detention as shall be just, with costs." Answer, a general denial. The sheriff took possession of the property.

The plaintiff's evidence tended to show that in the summer and fall of 1863, a large quantity of logs were in defendant's boom at New Amsterdam, La Crosse county, more than three-fourths of which belonged to and bore the marks of other persons than defendant, and had been fraudulently drawn into said boom by him from the main channel of the river, and were subsequently by him manufactured into boards and piled indiscriminately with boards made of his own logs, so that they could not be identified; and that before the commencement of the suit, several of the owners of said logs, by a bill of sale, conveyed their

interest in said logs and lumber to the plaintiff. The court instructed the jury that if these facts were proven, plaintiff was entitled to recover for *the whole* of the lumber so manufactured, whether made from plaintiff's or defendant's logs.

The evidence for defendant, however, tended to show that the logs not belonging to him were brought into his boom, not by his act, but by the force of the stream in a time of flood; that some of the owners represented by plaintiff had notice of the fact at the time; that defendant notified others of said owners that he would commence running his mill on the 29th of November, and did commence on that day; that neither the persons so notified nor the defendant did anything towards separating and running their logs out, until several days after said 29th of November; that then they sent but one man, and that one without the requisite skill for the work, whereas it required two men; that it was impracticable for defendant to get his logs to saw separately while the others remained in the boom; that he could not separate his and let the others pass through without great labor, delay and expense; that defendant kept an exact account of the measure and marks of the logs, not his own, which he made into lumber; and that with a large number of his men, he aided plaintiff to separate and get out from the boom the logs claimed by him and not yet sawed into lumber, when plaintiff at length came to the mill for that purpose. The court instructed the jury that if they found these facts proven, " the principle of title by confusion of goods does not apply to the case." And it added: " In case you find, under these instructions, that the plaintiff has not title to *the whole* of the lumber replevied, under the principle of title by confusion of goods, but that the defendant is the owner of any considerable part of it, you will find for the defendant." At plaintiff's request, the court further instructed the jury, 1. That if

defendant manufactured a portion of said lumber from logs owned by plaintiff, without his consent, and willfully mixed it with lumber made from his own logs, so that it was impossible to separate them, then plaintiff was entitled to recover the value of *the whole* of said lumber. 2. That no demand was necessary in this case before the commencement of the action. 3. That if the logs from which the lumber in question was made, were in defendant's boom without right, defendant had no right to manufacture them into lumber, or convert them to their own use without the consent of the owner. 4. That the title to the lumber made from logs belonging to the persons under whom plaintiff claimed, remained in them until transferred to plaintiff, when it vested in him, and he " could maintain this action" for such lumber. Plaintiff also asked the following instruction, which was not given : " That the measure of damages in this case is, the highest market value of the lumber in question, at any time from the commencement of the action to the time of trial, with legal interest." The following instructions asked for defendant were refused : 1. That if there had been a wrongful conversion of the property by defendant before its transfer to plaintiff, the latter could not maintain an action for such conversion; but the action must be by the persons who were owners at the time of the conversion. 2. That a demand was necessary to maintain the action. 3. That if the logs from which a part of the lumber in question was made, came into defendant's hands without any fault on his part, and if, in order to saw his own logs, it became necessary to saw those of the other owners, plaintiff, to entitle himself to the possession of the lumber, should have tendered to defendant a reasonable compensation for the labor of making the logs into lumber. 4. That plaintiff was not entitled to a verdict for " the whole of the property in question," unless defendant " inter-

mixed the property with his own with intent to defraud the plaintiff."

Verdict for plaintiff,. assessing the value of the property at $500. Motion for a new trial, on the grounds that the verdict was against the law and the evidence and against the charge of the court; that the verdict found matters not at issue; and that the court had erred in giving and refusing instructions. Motion denied; and defendant appealed from a judgment on the verdict.

*Stogdill & Daniels*, for appellant, argued, among other things, that plaintiff was bound to show a demand and refusal of the lumber, after the title vested in him, or that defendant exercised some control over it to the exclusion of the plaintiff. Cow. Treat., § 626; 4 Hill, 14; 2 Coms., 293. 2. This case lacks three essential conditions to the proper application of the principle of title by the confusion of goods. The lumber was not of different qualities or kinds, nor of different value, nor was there any fraudulent intent in the intermixture. 19 Wis., 126; 11 Met., 493; 2 Kent's Comm. (3d ed.), 364; 21 Pick., 298; 30 Me., 237, 295; 2 Johns. Ch., 108. Plaintiff could replevy the amount of lumber he had in the mass, if it was unlawfully detained by defendant. 20 Wis., 615.

*Cameron & Losey*, for respondent, as to title by confusion of property, cited *Jenkins v. Steanka*, 19 Wis., 128; *Wingate v. Smith*, 20 Me., 288; *Ryder v. Hathaway*, 21 Pick., 306; *Willard v. Rice*, 11 Met., 493; 2 Kent (3d ed.), 364; *Loomis v. Green*, 7 Greenl., 393; *Bryant v. Ware*, 30 Me., 295, and cases there cited; *Lupton v. White*, 15 Ves., 439, 442.

Cole, J. The court held that it was not necessary, in order to entitle the plaintiff to recover, that he must show a demand for the property before commencement of the suit. In this we think the court erred. The plaintiff derived title

to a considerable portion of the lumber through the bill of sale appearing in the case. That bill of sale conveys to him "all lumber of every description, wherever the same may be, manufactured at the saw mill occupied by *Oepke Bonnema*," etc., from logs belonging to either of the vendors. " Also all the logs belonging to either or any of them in Black river or near its banks, within three miles of the mill." Now the object of the suit in part was, to recover this lumber in possessession of the defendant. Manifestly there should be a demand for this property by the plaintiff, before suit brought. After he became the owner of the property, there was no refusal on the part of the defendant to restore the lumber to him, nor anything tantamount to a refusal. Possibly the defendant would have restored the lumber to him, had he given him an opportunity to do so. At all events, it shonld appear that the defendant exercised some control over the property incompatible with the plaintiff's rights, after the latter became the owner. Hence the necessity that a demand should have been made before the commencement of the action. The circuit court specifically instructed the jury that no such demand was necessary. See *Hall v. Robinson*, 2 Comstock, 293 ; *Robinson v. Weeks*, 6 How. Pr. R., 161 ; *Norris v. The Milwaukee Dock Co.*, 21 Wis., 130.

The court, both in the general charge and in the special instructions, laid down the law very clearly and correctly in regard to the willful confusion of goods. It was in entire harmony with the doctrine of this court as announced in *Jenkins v. Steanka*, 19 Wis., 126. Mr. Justice DOWNER, in that case, says : " The law, as we think, is, that if Wright willfully or indiscriminately intermixed the lumber sawed from the logs of the plaintiffs with his own lumber, so that it could not be distinguished, and the lumber so mixed was of different qualities or value, then the plaintiff would be

entitled to hold the whole." And this is substantially the doctrine laid down in *Wright v. Smith*, 20 Maine, 287, as well as by the authorities cited in the opinion. But, for the error first above noticed, we think there must be a new trial.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.