JOHNSON and another vs. THE ASHLAND LUMBER COMPANY.

PLEADING.   *(1) Complaint in trover.   (2) Liberal construction of complaint, when objection first taken at trial.*

1. In a complaint in trover, it is sufficient to allege an unlawful conversion, without alleging a demand and refusal.
2. Such a complaint alleged that plaintiffs, "before and until" the times therein mentioned, were entitled to the immediate possession of a certain amount of pine saw-logs cut on a certain piece of land, "their property, of the value of," etc.   No objection was taken to the complaint until the trial, when the defendant moved to dismiss it as failing to state a cause of action, in that it did not allege a demand and refusal.   On plaintiffs' appeal from a judgment of dismissal, defendant objects that the complaint fails to allege plaintiffs' ownership of the logs.  *Held*, that under such circumstances the pleadings must be construed most liberally for the purposes of justice (R. S. 1858, ch. 125, sec. 21); and that, as the words "their property" may relate to the logs as well as to the land, the complaint will be held to allege plaintiffs' ownership of the logs at the time of the alleged conversion.

APPEAL from the Circuit Court for *Ashland* County.

Action to recover damages for the alleged conversion of a quantity of saw-logs.   After alleging the appointment of a guardian *ad litem* of the infant plaintiff, and defendant's corporate character, the complaint avers that before and until the dates and times hereinafter mentioned, the plaintiffs were entitled to the immediate possession of 718,757 feet, board measure, of pine saw-logs, cut on the northeast quarter of the northwest quarter and lot 3, of section 5, town 48, range 4 west, their property, of the value of $2,886; that between the 1st day of June, 1874, and the 1st day of November, 1876, at Ashland county aforesaid, the defendant, then being in possession of said pine saw-logs, unlawfully converted and disposed of the same to its own use, to the plaintiffs' damage of $2,886. Judgment is demanded for the value of the logs.   The answer is a general denial.

After the cause was called for trial and the jury sworn, defendant moved to dismiss the complaint, on the ground that "it does not set forth facts sufficient to constitute a cause of

action, in this, that it does not allege a demand and refusal before the action was brought." The court granted the motion, but offered plaintiffs leave to amend their complaint. They declined to amend, and judgment was thereupon entered against them dismissing their complaint, with costs. Plaintiffs appealed from the judgment.

*J. J. Miles*, for the appellants.

For the respondent, there was a brief by *J. H. Knight* and *W. M. Tomkins*, and oral argument by *Mr. Knight*.

LYON, J. In a complaint in trover it is sufficient to allege an unlawful conversion of the goods, without alleging a demand and refusal. The conversion may be proved by showing a demand and refusal, and it may also be proved by showing that the defendant has sold or destroyed the goods, and perhaps in other ways. But it is not necessary to set out in the complaint the specific acts which constitute the conversion. In some cases, the only evidence of the conversion is the refusal to deliver the goods on demand. In such cases, the demand and refusal must be proved in order to prove a conversion. *Root v. Bonnema*, 22 Wis., 539, is such a case. All this is quite elementary. It follows that the specific ground upon which the demurrer *ore tenus* was rested, is untenable.

It is now claimed, however, that the complaint fails to show that the plaintiffs are the owners of the logs therein mentioned, and that it was properly dismissed for that reason. It is alleged in the complaint that the plaintiffs are the owners of the land on which the logs were cut; and it is not a forced construction to hold that the words "their property," as employed therein, relate to the logs as well as the land, and are a sufficient averment of the plaintiffs' ownership of both. Pleadings must be liberally construed with a view to substantial justice between the parties (R. S. 1858, ch. 125, sec. 21); and a much greater latitude of construction should be indulged to sustain a complaint when the objection that it does not state a cause of action is first made at the trial. *Teetshorn v. Hull*, 30 Wis., 162; *Hazleton v. Union Bank*, 32 id., 34, and

cases cited. These principles will also apply to the criticism of counsel on the words "before and until," in the complaint.

We conclude that the complaint (although perhaps carelessly or inartistically drawn) states a cause of action, and that the court erred in dismissing it.

*By the Court.* — The judgment is reversed, and the cause will be remanded for a new trial.

Ryan, C. J., took no part.