## ALBERT LUHRS, PLAINTIFF, v. BARBARA EIMER, DEFENDANT.

### *Descent—alienage.*

May 1st, 1866, one Schlegel, who had been naturalized in 1852, died seized of certain real estate, leaving him surviving his widow, since dead; his father, a native of Germany, who died June 22, 1866; a sister, who came to this country in 1857, and who, previous to his death, had married a citizen of the United States, and who, after his death, was naturalized; a nephew, who came to this country in 1864, and was then sixteen years old, and was naturalized in 1870; and a niece, who came to this country in 1865, and was then fifteen years old, who has never been naturalized.

*Held*, that the married sister became seized of all the real estate of her brother, by descent from him, and that she did not take through her father, who was an alien.

. · Controversy submitted upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

*Nehrbus & Pitshke,* for the plaintiff.

*Lewis L. Goebel,* for the defendant.

Ingalls, P. J.:

. The parties hereto entered into an agreement by which the defendant contracted to sell and convey, and the plaintiff agreed to purchase, certain premises situated in the city of New York. The plaintiff refused to accept a conveyance upon the ground that the title of the defendant to the land was defective. Of the numerous facts contained in the case, a few only seem to be important in determining the question submitted. Jacob Schlegel, a native of Germany, came to this country in the year 1847, intending to become a citizen, and was naturalized in 1852. On the first day of May, 1866, he received a conveyance, and became the owner of the land in question. He died intestate in the city of New York, on the thirteenth day of May, 1866, seized in fee of said premises, and leaving him surviving his widow, Rebecca Schlegel, who has since. died; his father Ludwig Schlegel, a native of Germany, who never visited this country; and who died June 22, 1866, The defendant, who was his sister, came to this country in the year 1857, *and previous to the death of her brother, Jacob Schlegel, married one Gottfried Bauer, who was at the time a citizen of the United States.* The defendant became naturalized subsequent to the death of her said brother. 'The defendant, after the death of her said husband, married Christian Eimer. The said Jacob Schlegel also left him surviving a nephew, Louis Gompper, who came to this country from Germany in the year 1864, and was then sixteen years of age.. He was naturalized in the year 1870. Also a niece, Catherine Gompper, who was a native of Germany, and came to this country in the year 1865, and was then fifteen years of age. She has not been naturalized, or even filed an intention to become a citizen. The nephew and niece are the children of Catherine Gompper, who was a sister of the said Jacob Schlegel. She was a native of Germany, and died there in the year 1852. *The*

*defendant, by her marriage with Gottfried Bauer, who was a citizen of the United States, became herself a citizen before the decease of her said brother, Jacob Schlegel, and was, therefore, capable of taking title to real estate by descent at the time of his death.* (*Burton* v. *Burton*, 1 Keyes, 359.) Ludwig Schlegel, the father of the intestate, being at the decease of his said son, a non-resident alien, was incompetent to take any estate or interest in the said land. It seems to follow that the defendant, at the decease of her brother, Jacob Schlegel, became seized of said land, by descent directly from her said brother, and not from or through her said father, who was an alien. (*Smith* v. *Mulligan*, 11 Abb. [N. S.], 438 ; *McGregor* v. *Comstock*, 3 N. Y., 408 ; *People* v. *Irvin*, 21 Wend., 128.) The nephew and niece, Louis and Catherine Gompper, took no interest in the land, as they were both alien at the decease of the said Jacob Schlegel. We fail to perceive that they acquired any estate under the statute of 1845, chapter 115. The defendant being competent to take the estate at the decease of her brother, there could be no escheat, and the various statutes upon that subject, to which we have been referred, cannot, in our judgment, affect this case. The title having once vested in the defendant, could not be divested by such statutes. (*Dash* v. *Van Kleeck*, 7 Johns., 477 ; *Wood* v. *Oakley*, 11 Paige Ch. R., 400 ; *People* v. *The Supervisors of Ulster County*, 63 Barb., 84 ; *Westervelt* v. *Gregg*, 12 N. Y., 202.) We conclude that, upon the facts and the law applicable thereto, the defendant is possessed of a good title to said land, and is capable of conveying the same to the plaintiff. The defendant should, therefore, have judgment in due form against the plaintiff.

Potter and Daniels, JJ., concurred.

Judgment ordered for defendant against the plaintiff.