THE A. C. CONN COMPANY VS. THE LITTLE SUAMICO LUMBER AND MANUFACTURING COMPANY and another.

*September 23 — October 10, 1882.*

PLEADING: NUISANCE: DAMAGES. *Complaint construed:    Injuries peculiar to plaintiff: General allegations of damage.*

A complaint shows that unlawful obstructions (describing them and their effects), have been placed by the defendants in a public navigable river, and alleges that the plaintiff " for many years last past, and during all the time hereinafter mentioned, has been the owner of a large saw-mill on said river;" that the said " obstructions in said stream *are* especially injurious to the plaintiff, and that the only way in which it can carry on its business at its said mill is by floating logs down said stream to furnish stock for running the same; that the logs of the plaintiff *are continually delayed* by said obstructions, and its mill is frequently compelled to be idle for want of logs at times when it could readily have a full stock of logs in its pond adjacent to its said mill, were they not kept back by said acts of the defendants;" and that by reason of said wrongful acts of the defendants and the maintenance of said obstructions in said stream by them the plaintiff "has been damaged during the year 1878 and 1879 to the amount of $5,000." The sufficiency of the complaint having been objected to for the first time at the trial, *held:*

1. The facts stated show injuries to the plaintiff peculiar to itself, for which it may recover damages.

2. Though in all allegations, except the last, the present time is used, and there are no express allegations that during that time the plaintiff did float logs down the river to its mill for manufacture there, and that such logs were delayed by the obstructions to its damage, yet, construing the whole complaint liberally, the former allegations cover the time mentioned in the last and should not be restricted to the time when the complaint was made.

3. That the allegations of damage are general and indefinite is not a ground of demurrer, but can be remedied only by a motion to make them more definite and certain.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice TAYLOR:

"In this action the plaintiff's complaint alleges 'that it is a corporation duly created and organized under the laws of

this state for the purpose of engaging in, and actually engaged in, the business hereinafter mentioned.' 'That for many years last past, and during *all the time hereinafter mentioned*, it has been the owner of a large saw and shingle mill, situated upon the bank of the Little Suamico river, in Oconto county, Wisconsin, upon the east half of section 24, township 26, range 20.' The complaint then alleges in substance that the defendants, during the same time, owned, occupied and operated a like mill on the bank of the same river, on the west half of the same section, but above the mill of the plaintiff; and that the only practicable way in which the plaintiff can secure pine saw-logs for manufacture into lumber and shingles at its mill is to cut them from lands several miles distant from said mill, put them into said river, and float them down said river to said mill. The complaint then alleges that said river is a public and navigable stream, and has been used by the public for more than twenty years last past; that the defendants have wilfully obstructed said stream, and created a common nuisance therein in the following ways; and then sets out the building of a dam across said stream about six miles above the plaintiff's mill, which so obstructs the stream 'that it is almost impossible to float any logs down said stream past said dam, and is entirely impossible to float logs down said stream as rapidly as if said dam were not there;' that the slide left open in the dam is only six feet wide, when it ought to have been eighteen or twenty feet wide for the successful driving of logs through the same; that about two miles below the dam above described the defendants have constructed and maintained another dam across said stream, for the purpose of creating a large pond in which to store the logs of the defendants; that said last named dam creates a pond a mile in length; that the current through the same was and always has been very slow; that the waters of the river coming from above, in seasons of high water, have brought down a large amount of sand and dirt,

which has settled in the comparatively still water of said pond, and formed bars, which seriously obstruct the navigation of that portion of the river with logs, and constitute a serious obstruction to said stream, and are a common and public nuisance.

" It then alleges that defendants have constructed booms and dividing piers in said pond, so that logs not owned by the defendants, coming down said river may be separated from the defendants' logs, and that there is a slide in such dam through which the logs of other persons are compelled to pass; that the stream above said pond and dam is small; that the logs can only be brought down the same by creating large floods of water by means of dams located at different points along said stream, and that the capacity of said dams is such that said floods can only last for a few hours at one time.    It then alleges that the dividing piers of the defendants are placed too high up in said pond, so that where large quantities of logs come down said stream they are stopped in the narrow stream above the pond; that they block up the same, and become jammed in said narrow stream; that the logs can only be passed through the dividing piers very slowly, and as the flood subsides in the course of two or three hours, the great bulk of the logs which have been brought down are left aground in the narrow and shallow bed of said stream and pond; whereas, if said dividing piers were placed further down in said pond and nearer to the said dam, the mass of logs brought down by the flood would be brought at once into said pond, and could be readily divided thereafter without suffering any delay on account of the subsidence of the water; that the passage left for the use of those navigating the river is too narrow; that the passage and slide in the dam should be ten feet wide for the convenient floating of logs down said stream and through the dam, whereas the slide and only opening in said dam is only eight feet wide. It also alleges that the slide in the dam, left for the public

use, is upon the north side of the pond, and that defendants for their own use have another slide or opening on the south side thereof, and that the effect of such second opening is to draw the water out of said pond and away from the channel left in said pond for the use of the public, to such an extent that sufficient water is not left in said pond or river for the use of plaintiff or others desiring to float logs down said stream to points below said defendants' dam. After thus setting out at great length the obstructions placed in the river by the defendants, and showing the effect which such obstructions had in impairing the navigability thereof, the complaint proceeds as follows:

" ' The plaintiff further shows that said several obstructions in said stream *are* especially injurious to it, and that the only way in which the plaintiff can carry on its business at its said mill is by floating logs down said stream to furnish stock for running the same; that the logs of plaintiff, in coming down said stream, *are continually delayed* by said obstructions, and plaintiff's mill is frequently compelled to lie idle for want of logs at times when plaintiff could readily have a full stock of logs in its pond adjacent to its said mill, were they not kept back by said acts of the defendants.

" ' Plaintiff further alleges that by reason of said wrongful acts of the defendants, and the maintenance of said obstructions in said stream by them, it has been damaged during the year 1878 and 1879 to the amount of $5,000.'

" The complaint then prays judgment that the obstructions be abated and removed, and that the plaintiff recover damages to the amount of $5,000.

" To this complaint the defendants filed an answer, and the case was continued for more than a year, and when brought on for trial upon the issues made by the answer, the defendants objected to the plaintiff giving any evidence in support of the allegations of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

The objection was sustained by the court, and final judgment was rendered in favor of the defendants, from which judgment the plaintiff appealed to this court."

The cause was submitted for the appellant on the brief of *Tracy & Bailey.* To the point that the complaint shows special injury to the plaintiff for which it may maintain the action, they cited: *Brown v. Watson,* 47 Me., 161; *Alexander v. Kerr,* 2 Rawle, 83; Wood on Nuisances, secs. 634, 636, 642, 651, 658, 662, 665; *Pierce v. Dart,* 7 Cow., 609; *Lansing v. Smith,* 4 Wend., 10; *Powers v. Irish,* 23 Mich., 429; *Francis v. Schoellkopf,* 53 N. Y., 152; *Stetson v. Faxon,* 19 Pick., 147; *Wesson v. Washburne,* 13 Allen, 95; *Walker v. Shepardson,* 2 Wis., 384; *Barnes v. Racine,* 4 id., 454; *Harper v. Milwaukee,* 30 id., 365; *Enos v. Hamilton,* 27 id., 256; *Greene v. Nunnemacher,* 36 id., 50. Damages which are the natural and necessary consequence of the wrong need never be stated except by the general claim for damages. Having shown that the tort specially affected the plaintiff, damages naturally resulting from it follow as a matter of course. *Schmidt v. Pfeil,* 24 Wis., 452.

For the respondent there was a brief by *Hastings & Greene,* and oral argument by *Mr. Hastings.* They argued, *inter alia,* that in an action by a private individual for a wrong suffered from a public nuisance, particular and special damage, differing in kind and not simply in degree from that sustained by the public generally, must be shown. *Enos v. Hamilton,* 27 Wis., 256; *Greene v. Nunnemacher,* 36 id., 50; Wood on Nuisance, secs. 618, 619; *Holman v. Townsend,* 13 Met., 297; *Dougherty v. Bunting,* 1 Sandf., 1. As no cause of action arises from the general damages, the gravamen of the complaint — the gist of the action, is the special damage sustained, and the complaint must contain a specific statement of the special damage or it will be held bad on demurrer or objection and not cured by verdict. Wood on Nuisance, secs. 829, 654; Mayne on Damages, 417. The test by which

special damages are distinguished from general, also furnishes the test for determining the sufficiency of a pleading. Those are general damages which naturally and necessarily follow from the facts stated. When facts are set forth, intended to show special damages, they must be such as show damages naturally and necessarily resulting from them. If from the facts alleged damages may or may not follow, according to the existence or non-existence of other facts, it is not sufficient for the pleader to stop and allege that damage did result, but the pleading must state the further facts which cause the damages naturally and necessarily to follow. Damages may or may not result from delay. It is not enough to allege delay and damage, but the fact or facts which, in connection with the delay, produced the damage, must be stated. *Powers v. Irish,* 23 Mich., 437; 2 Sedgw. on Dam., 609; *Tobias v. Hartland,* 4 Wend., 540; *Squire v. Gould,* 14 id., 159; *Potter v. Froment,* 47 Cal., 165; 21 Mich., 151; *Parker v. Lowell,* 11 Gray, 354; *Adams v. Barry,* 10 id., 361. In this case the complaint fails to show any special injury because: (1) It does not allege that the plaintiff had any logs in the river to be driven or was operating its mill or engaged in any business on or connected with the river during 1878, or 1879, or that it was damaged during those years by delay in getting logs and running its mill. (2) The only fact alleged as a result of the obstructions is *delay* of logs in coming down the stream, resulting in plaintiff's mill lying idle for want of logs at times when it could have a full stock but for the obstructions. There is no allegation of fact necessarily showing that damage resulted from the delay. See Wood on Nuisance, secs. 632, 637, 674; *Winterbottom v. Lord Derby,* L. R., 2 Exch., 316; *Houck v. Wachter,* 34 Md., 265; *Holman v. Townsend,* 13 Met., 297.

TAYLOR, J. The only question to be determined on this appeal is whether the complaint states a cause of action. It

is not claimed by the learned counsel for the respondents that the complaint does not show an unlawful obstruction of the stream mentioned in the complaint, but it is claimed that the facts stated do not show that the plaintiff has suffered any damage from such obstruction peculiar to itself, and for which it is entitled to recover.

That a party may recover for damage to himself, his property, or business, resulting from a public nuisance, is now too well settled to need discussion, and is not questioned by the learned counsel in this case. The only qualification is that the damage must not be such as the public in general suffer by reason thereof. Wood, in his work on the law of Nuisance, p. 672, § 642, says: " To illustrate, we will take the case of a slaughter-house erected upon a public street." " To all who come within the sphere of its effects it is a nuisance, and offends the senses by its noxious smells. It is a common nuisance in such locality, and in its general effects produces a common injury. But to those living upon the street, and within its immediate sphere, it is both a common and a private nuisance; common in its general effects, but private in its special effects upon those living there. To the public generally it produces no injury except such as is common to all; but to those owning property in its neighborhood or residing there it produces a special injury, in that it detracts from the enjoyment of their habitations, produces intolerable physical discomfort, and diminishes the value of their premises for the purposes to which they are devoted."

There can be no doubt but that the allegations in the complaint show that the obstructions placed in the river by the defendants are of such a character as must necessarily be injurious to the business of the plaintiff, if, in order to carry it on, it must float its logs down the river and over the obstructions placed therein by the defendants. It therefore brings itself within the rule above laid down. But it is insisted by the learned counsel for the respondent that the complaint

does not show that the plaintiff did in fact operate its mill, and float its logs down the obstructed river to the same, at any time before the commencement of this action, and does not, therefore, show that up to that time it had suffered any damages from such obstructions which were not equally suffered by every other citizen. We think this construction of the allegations of the complaint is a very strict construction against the plaintiff, and ought not to be given to it upon an objection first taken on the trial, and after an answer had been served in the case. The argument to sustain this construction is based upon the fact that the plaintiff, in alleging its injuries, alleges them only in the present tense. It is said, because it alleges that its logs in coming down the stream *are continually delayed by said obstructions*, it does not show that they were so delayed before its action was commenced, and so does not show any injury sustained before that time. But it will be seen that the plaintiff, immediately after alleging that such obstructions continually delayed its logs in coming down said stream, further alleges that by reason of said wrongful acts of defendants, and the maintenance of said obstructions in said stream by them, it has been damaged during the years of 1878 and 1879 to the amount of $5,000. In the first part of its complaint it has alleged that for many years last past, and during all the time hereinafter mentioned, it has been the owner of a large saw-mill situated on said river, and that the only practicable way in which it can procure pine saw-logs for manufacture into lumber at its said mill is to cut them from lands several miles distant from said mill, put them into said river, and float them down said river to said mill. It is true that in all these allegations the present time is used, and there are no express allegations that during that time it did float logs down said river to its mill for manufacture there, and that such logs so floated down were delayed by the obstructions to its damage.

We think, under the liberal rule for the construction of a

complaint, where objection to its sufficiency is made for the first time on the trial, the plaintiff's allegations should be construed to cover the time mentioned as the time during which it suffered damage, to wit, during the years 1878 and 1879, and should not be restricted to the time when its complaint was made. The allegation that its logs, in coming down said stream, are continually delayed by such obstructions, should be construed to mean that they were delayed in the years mentioned as the time when it sustained damage. Under the allegations of the complaint, the plaintiff upon the trial should have been permitted to show that it had logs in the river in 1878 and 1879, and that they were delayed by the obstructions, to its damage. Such proofs would not have been objectionable on the ground of variance. *Lounsbury v. Purdy*, 18 N. Y., 515–520; *White v. Spencer*, 14 N. Y., 247; *Cady v. Allen*, 22 Barb., 388; *St. John v. Northrup*, 23 Barb., 25; *Hazelton v. Union Bank*, 32 Wis., 34; *Schmidt v. Pfeil*, 24 Wis., 452; *Grannis v. Hooker*, 29 Wis., 65; *Teetshorn v. Hull*, 30 Wis., 162; *Lutheran Ev. Church v. Gristgau*, 34 Wis., 328; *Johnson v. Lumber Co.*, 45 Wis., 119, 120; *Johannes, County Judge v. Youngs*, id., 445; *Delaplaine v. Turnley*, 44 Wis., 43. The allegation that the mill of the plaintiff was frequently compelled to be idle for want of logs, on account of the delay in passing the obstructions, connected with the other allegation that it was damaged by such obstructions to the amount of $5,000, is sufficient to show that the plaintiff was damaged in its business of operating its mill, and so shows an injury and damage which entitles it to maintain its action. The fact that the allegations as to damage are general and indefinite, is not a ground of demurrer, but must be remedied if desired by a motion on the part of the defendant to make them more definite and certain.

We think the plaintiff should have been allowed to introduce its evidence on the trial, notwithstanding the defects in the complaint pointed out by the learned counsel for the re-

spondent, and that the court erred in dismissing the complaint, and entering judgment for the defendant.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.