JOHN HOLTON

*vs.*

RUEL PARKER et al.

1. An action against P., I. and S., supervisors of the town of Newport, for trespass, is an action against them as private persons, and not an action against the town.

2. The evidence in this case held insufficient to justify the amount of the verdict.

This action was commenced in the District Court for Washington county, against "Ruel Parker, Joseph Irish and Elias Scofield, supervisors of the town of Newport," to recover damages occasioned, as alleged, by the acts of the defendants, under color of their office, and to restrain them from the commission of certain threatened acts in relation to the laying out and opening of a new road across the plaintiff's premises and discontinuing an old one. Trial was had and a verdict rendered for the plaintiff for $100. The defendants made a motion for a new trial, which was denied, and they appeal from the order denying this motion. In the bill of exceptions, which was settled by stipulation, it is stated that the defendants put in evidence certain papers, &c., tending to show that defendants in doing the acts complained of had attempted to comply with the statutes regulating the laying out and vacating of roads, but that "the proceedings of the defendants as

such supervisors were wholly illegal and unauthorized by law, and void." The portions of the pleadings and evidence, and the exceptions to the rulings of the Court on the trial, necessary to an understanding of the case, appear in the opinion of the Court.

LAMPREYS for Appellants.

MASTERSON & SIMONS for Respondent.

*By the Court*—BERRY, J.—This is not an action against the town of Newport. The statute requires a town to sue and be sued in its corporate name, except in certain cases, of which this is not one. *Gen. Stat.*, *chap.* 10, *secs.* 10, 61, 85.

This is an action against the defendants as private persons, and the addition "supervisors, &c." is *descriptio personarum* only. *Bingham vs. Stewart, ante p.* 106; *Pratt vs. Beaupre, ante p.* 187.

The complaint charges that the defendants, as supervisors, and acting under color of their office as such, but unlawfully, and wrongfully, have located a new road through the premises of the plaintiff, and that they threaten to open the same for public travel, and that in pursuance of such threat they have broken down plaintiff's fence, and exposed his premises to trespass and injury from cattle and travelers, &c.

The complaint also charges that the defendants, acting in the capacity aforesaid, but contrary to law, *threaten* to discontinue and close up a certain old road running through and near the plaintiff's premises, and that such discontinuance and closing up will greatly damage the plaintiff. The plaintiff asks for damages and an injunction. It appears that the proceedings of the defendants in attempting to discontinue the old road, and to lay out and open the new road, "were

Holton v. Parker et al.

wholly illegal, unauthorized and void." Upon the trial by a jury, testimony was offered and received (against the objection of the defendants), tending to show that the old road had been fenced up, to the inconvenience and damage of the plaintiff. As to the damages resulting from the opening of the new road, the plaintiff testified as follows : " The new road mentioned in the complaint opens the fence, and lets the cattle come in of course; there are eighty acres of land; in that twenty-one acres worked and cultivated; this field was thrown open at both ends."

John A. Ford, a witness called by the plaintiff, testified as follows in regard to the effect of opening the new road : " The fences were torn down and cattle came in, and public travel went through there, and it remained open for everything to come in ; the public travel went through there for a certain length of time."

This appears to be all the testimony as to the damage occasioned by opening the new road. There was evidence tending to show that the fences, at the place where the new road ran, were taken down by defendants' order. The jury rendered a verdict for the plaintiff for $100.

As to the damages resulting from the fencing up of the old road, there is not only nothing to show that this was done at the instance of the defendants, but no damages are asked in the complaint on that account. The complaint does not charge that the old road had been closed up, but that the defendants were threatening to close it, an allegation evidently made with reference to the prayer for an injunction. We can see no ground upon which the testimony relating to the inconvenience resulting to the plaintiff from the fencing up of the old road was admissible to affect the amount of damages recoverable in this action. As the damages resulting from the opening of the new road, by taking down fences, it does

not appear that the defendants acted maliciously, and we see nothing in the testimony which would warrant the jury in assessing such damages at $100.

From the undisputed facts of the case there would seem to be no doubt as to the plaintiff's right to nominal damages. The order refusing a new trial is reversed, and the case remanded with instructions to the Court below to grant a new trial, unless the plaintiff shall consent to take judgment for nominal damages.