Kidder, J.
This action was predicated upon chapter 26 of the Code of Civil Procedure, section 535, to determine the title to the office of register of deeds of the county of Brookings, which is as follows: “ "When an action shall be brought by the District Attor- “ ney by virtue of this chapter, on the relation or information of “ a person having an interest in the question, the name of such “ person shall be joined with the territory as plaintiff.”
The ancient writ of quo warranto was a writ of right for the King, against one who usurps any office, franchise, or liberty, to inquire by what authority he supports his claim in order to determine the right: 3 Bl., 262.
“ The remedies formerly attainable by writ of quo warranto, and “ proceedings by information in the nature of quo warranto may “ be obtained by civil action under the provision of this chapter:” Sec. 531.
It is only the form of the proceeding that is abolished. The jurisdiction and power of the courts are not touched by that section, even if they could be by legislation; nor the right to seek and reach through them all the remedy which that writ or information once afforded. The position of the defendant, the rules of evidence and the presumptions of law and fact are the same as in proceeding by writ or information, for which the remedy by action was substituted.
This action was brought by the District Attorney of the 4th Judicial District, by leave of the court, to oust James Hauxhurst, the defendant and appellant, from said "office, on the petition of Peter O. Peterson, one of the plaintiffs and respondents, and to put said Peterson in possession of the same.
The defendant demurred to the complaint upon two grounds, viz: First, a defect' of parties plaintiff. Second, no cause of *208 action is stated in tbe complaint. Tbe demurrer was overruled, and the defendant electing to stand by the demurrer, judgment was entered against him, from which this appeal was taken.
1. It was conceded on the part of the defendant upon the argument, that he did not demur “ to’the title of the cause,'but to tbe complaint itself and allegations thereof.”
To ascertain whether the name of the plaintiff, Peterson, was joined with the territory as a party in compliance with the statute, 'we must have recourse to the record.
The title to the complaint is in these words: “ The Territory of Dakota ex rel. Peter O. Peterson, plaintiffs, v. James Hauxhurst, defendant.” (The italicism is mine.)
The first sentence of the complaint avers, that “ Peter O. Peterson, one of the above named plaintiffs, respectfully alleges and “ petitions, * * *: 1. That on the 2nd day of November, “ * * 2. That on said 2nd day * * *. 3. That prior “ to * * *. 4. That at the election * * *. 5. That u at the election so called * * *. 6. That all of the said “ judges * * * 1. That on the 17th day of November “ * ' * *. 8. That heretofore, to-wit, on the first Monday of “ * * *. . 9. Whérefore plaintiffs allege that plaintiff, Peter “ O. Peterson, is rightfully entitled to said office * * *. 10. “ Whei’ofore plaintiffs demand judgment * * *, and that the “ defendant be required to surrender the office in controversy ” to the plaintiff, Peterson, etc.
The foregoing allegations of the plaintiffs were made through one of them — through him who had “ an interest in the question,” and knew the facts that 'he desired to set out. Then follow the conclusions of law.
Prom which, does it appear that the relator is made a party plaintiff? In the case The People ex rel. Crane, and said Crane v. Ryder, 12 N. Y., 433, cited by the learned counsel of the defen *209 dant, the same points were made on demurrer to the complaint that are raised here; and on the first point that there was a defect of parties plaintiff, the court say: “ It is not material in this case “ to inquire whether a defendant may demur for a misjoinder of “ plaintiffs, if the complaint states facts showing that Crane is “ entitled to the office; for the Code requires that where an action “ o'f this kind is brought by the Attorney General, on the relation “ or information of a person having an interest in the question/ “ that the name of such person shall be joined with the people as “ plaintiff. If, therefore, the complaint does show that Crane had “ ‘ an interest in the question/ he being the relator, was properly “ and necessarily made a party plaintiff, and the inquiry, whether “ a demurrer will lie for a misjoinder of plaiiitiffs, does not arise.” This case is not analagous to the one at bar. It decides that Crane the relator, homing an interest in the question was. properly made a pamty, and the question whether a demurrer will lie for a mis-joinder of plaintiffs, did not arise.
I have examined the cases in 28 Wisconsin, 541, and 24 id., G3, and other cases cited by defendant’s counsel, which are authorities in point only so far as the title is concerned, i. e., The Territory of Dakota ex rel. John Doe and John Doe v. Richard Roe is frequently employed without objection, and, no doubt, for the same reason stated in 12 N. Y., supra. And on a further examination of cases not cited on the argument, I find very many entitled the same as the one at bar — no exceptions appearing to have been taken thereto — so I have no hesitancy in declaring that the latter mode is the mole for entitling such cases, and the former the exception. But as the counsel for defendant makes no point as to the title, I will introducé The people ex rel. Demarest et al. v. Fairchild, 67 N. Y., 334, cited in his brief, which is not only a parallel case as to the title, but as to the allegations in the complaint, stated as follows: “ The relators allege that they were duly elected aldermen and assistant alderman of the city of New York,” etc. *210 Tlie allegations in the complaint we are now considering are thus: “ Peter O. Peterson, one of the above named plaintiffs, respectfully alleges,” etc. Although there does not appear to have been a demurrer interposed in the case of People v. Demarest for want of parties plaintiff — for which omission I make no attempt to criticise the distinguished counsel for the appellant in that case — yet we can perceive that the defect is more bald in that case, for the pleader does not state that the relators are “ three of the plaintiffs,” nor does it set up the “ people ” as “ plaintiffs.”
The Code, page 529, section 111, reads: “ The complaint shall “ contain: 1. The title of the cause * * * and the names “ of the parties to the action:” Vide, also, Bliss on Pleading, Sec. 145; 13 Minn., 383, Holton v. Parker.
We are of opinion that the statute has been complied with in stating the title to this action; and also that the relator, Peterson, was made a party plaintiff by the allegations in the body of the complaint.
2. Does the complaint state facts sufficient to constitute a cause of action?
The Code requires that the complaint contain “ a plain and “ concise statement of the facts constituting a cause of action, “ without unnecessary repetition:” Sec. Ill, Sub. Div. 2. This rule is substantially as it existed prior to its enactment in actions at law. Whatever circumstances are necessary to constitute the cause of complaint or the ground of defense, must be stated in the pleadings, and all beyond is surplusage; facts only are to be stated and not arguments or inferences, or matter of law, in which respect the pleadings at law appear to differ materially from those in equity: 1 Ch. Pl., 245. lie says, on page 266, it is a most important principle of the law of pleading, that in alleging the fact it is unnecessary to state such circumstances as merely tend to prove the truth of it. The dry allegation of the facts, without *211 detailing a variety of minute circumstances which, constitute the evidence of it, will suffice. The object of the pleadings is to arrive at a specific issue upon' a given and material fact; and this is attained, although the evidence of such fact to be laid before the jury be not specifically developed in the pleadings.
It is a compliance with the Code and safe to state the facts constituting the cause of action substantially in the same manner as they were stated in the old system in a special count. By that system the legal issuable facts were to be stated, and the evidence by which those facts were to be established was to be brought forward on the trial. This position will not embrace what were known as the common counts. It has been supposed that a wider latitude should be allowed in equity pleading, and that evidence may, to some extent, be incorporated in the statement. The rule of the Code is broad enough for all cases, and it permits a statement of facts only as contradistinguished from the evidence which is to establish those facts. But in an equity case the facts may be more numerous, more complicated, more involved; and the pleader may state all the facts, in a legal and concise form, which constitute the cause of action and entitle him to relief. The rule touching the statement of facts is the same in all cases, and the rules by which the sufficiency of the pleadings is to be determined are prescribed by the Code.
“ The Code establishes the law of this territory respecting the “ subjects to which it relates, and its provisions and all proceedings “ under it are to be liberally construed with a view to effect its ob- “ jects and to promote justice:” Sec. 3.
Again, “ The court shall, in every stage of action, disregard any “ error or defect in the pleadings or proceedings, which shall not “ affect the substantial rights of the adverse party; and no judg-ement shall he reversed or. affected by reason of such error or “ defect:” Sec. 145.
*212 An action of this kind, can be brought by any District Attorney, in the name of the territory, upon his own information, to oust a person therefrom, when he shall usurp, intrude into, or unlawfully hold any public office: Sec. 534. But such is not this case. In this action — the relator claiming to be one of the parties plaintiff, and to have an interest in the question, — it must appear from the alleged facts that he is entitled to the office.
It is insisted that the complaint is “ fatally defective in not alleging any qualification ” on the part of the relator “ for the office, and in not alleging any demand for the office.” We will examine its allegations:
1st. The complaint alleges the political existence of Brookings county and its proper organization as a political corporation.
2nd. The holding of an election therein to elect a register of deeds of said county, in November, A. D. 1880.
3rd. That the defendant, Ilauxhurst, and the plaintiff, Peter O. Peterson, were rival candidates at that election for the office of 'register of deeds of said county, and that Peterson was eligible to said office.
4th. That at said election there were 929 legal votes cast for said office of register of deeds, and no more — of which number of votes Peterson received 537, and ITauxliurst 392, thus making Peterson’s majority over Ilauxhurst to be 145.
5th. That all the votes cast at said election in the 16 precincts of said county were duly returned unto the proper board, whose duty it was to canvass said votes; that this board of canvassers duly met to canvass, and did pretend to canvass said votes; that defendant, Hanxhurst, was the chairman of said board; that he and the other members of said board threw out the votes of several precincts, and changed the votes cast in one of said precincts, and refused to canvass the votes cast in certain other precincts, and which votes Hauxhurst had previously concealed, and refused to *213 present them to said board; that by this means he managed to count. Peterson out and himself into said office; and said board, upon such false and dishonest canvass, made and delivered to Hauxhurst a certificate that he was at said election elected register of deeds of said county by a majority of 8 votes.
That being in possession of said office of register of deeds, under his said false and fraudulent certificate, Hauxhurst qualified for said office, and then and thereby unlawfully intruded himself into, and ever since has so held said office, and still usurps, etc. All the facts respecting these matters are carefully detailed and set forth in the complaint; also that Hauxhurst refused to make and deliver to said Peterson a certificate of his election to said office. And lastly, that the plaintiff, Peterson, is entitled to said office by virtue of his said election thereto, and judgment is demanded accordingly.
The complaint would have appeared more “ concise ” if much of the matter contained therein had been left out, but such matter can be treated as surplusage. The demurrer, however, admits every fact well pleaded; that is, it admits the whole of the complaint according to its legal effect.
The prominent question is, did the relator at said election receive a greater number of legal votes than did the defendant? The demurrer, besides other admissions, admits that he did. Then he is entitled to be qualified, and by due course of judicial proceedings can be put into the possession of the office; and it is a matter of no consequence whether he qualifies for the position before or after the event of such proceedings. But in this case the defendant refused to make and deliver to him a certificate of his election. Therefore he was obliged to take legal proceedings in order that he might obtain a mandate' that would give him the possession of the office without the formality of obtaining the official evidence which had been -refused him.
*214 Relative to tlie question of demand, the counsel for the defendant cites R. R. Co. v. Supervisors, 37 Cal., 354, to which, sections 13 and 41, in High on Ex. Rem., also cited by him, refer. This was an action for a writ of mandate to compel a board of supervisors to subscribe to the capital stock of the plaintiff, and to issue to said corporation the bonds of the county inpayment of the subscription, in pursuance of a special act of the Legislature, by which it was the duty of the plaintiff to tender its books and request the subscription. Also, Price v. Riverside Co., 56 Cal., 431, which was mandamus to compel the defendant to furnish water in accordance with its articles of incorporation. And, also, Supervisors v. Semler, 41 Wis., 374, which was an action on a bond of a county treasurer. The complaint averred that on, etc., he became and was a confessed public defaulter in said office. The court held, on demurrer, that this is not equivalent to an averment, that he had failed, on lawful demand, to pay over the public funds in his hands; but the facts which render him a defaulter should be alleged. It is further alleged that the board of county supervisors afterwards,' “ duly filléd the vacancy caused by such defalcation,” by appointing one Weimer as treasurer of said county; that Weimer duly qualified and entered upon the office; and that defendant refused to pay over the county funds in his hands to Weimer upon demand of the latter. The court held, that as no authority is shown in the board to appoint Weimer treasurer, the complaint fails to show any lawful demand upon the defendant for the funds in his hands, and therefore fails to show any breach of his bond. Neither of which is pertinent to the point in controversy.
I will here submit for the consideration of the profession, a California form for a complaint in a case like the one at bar. See 2 Estee’s Pleadings and Forms, Second Edition, p. 308, No. 532:

(Title of the Case.)

“ The people of the State of California, by E. E., their Attorney *215 “ General, upon the information and complaint of said A. B., “ complain of the said defendant, and allege: “ I. That on the-day of-•, 188 — , at ---, an elec- “ tion was duly held in the-(precinct, district, or county,) of “ this state, for the office of (here designate the office) for the term “ of-years, from the-- day of-, 188 — ■. “ II. That at the said election one-received the greatest “ number of legal votes for the said office. “ III. That on the -day of-, 188 — , the defendant “ usurped the said office, and has ever since withheld the same from “ the said-. “ Wherefore the plaintiff demands judgment: “ 1. That the defendant is not entitled to the said office, and “ that he be ousted therefrom. “ 2. That the said--— is entitled to said office, and that he “ be put in the possession of the same.”
See, also, a New York form, in 5 Wait’s Practice, p. 622,—for the same cause, similar to Estee’s, — and in neither of which is there an averment that the plaintiffs “ demanded of the said defendant the possession of the said office,” or that he was qualified to enter upon its duties. These forms, to say the least, have the merit of being “ plain and concise.”
We must not be unmindful of the fact that a register of deeds does not hold over his term “until his successor shall be elected and qualified,” as is the case with some officials. lie is elected “ every two years:” Code, p. 42, Sec. 15. His term expires by limitation at the expiration? of two years, and his successor may commence the next day after his term expires. Hence, the incumbent is uswrping the ofiiee, if he attempts to hold over if not legally elected. He has taken possession of it v/nlcowfuUy, without colcr of right, and likening it to taking possession of personal property tortiously, no previous demand of the office is necessary to maintain the action. The law might be different, if, by the statute, the incumbent could hold the office until his successor “ shall be elected and qualified.” But such is not the question I am discussing.
In a case wherein an officer might be removed by the proper *216 authority it would seem "to be proper that the person appointed to fill his place, after filing his official oath and bond, showing himself qualified for the position, should demand of the incumbent the possession of the office before he could be entitled to his action, for the reason that he is in the possession of the office and has color of right thereto; and before he can be ousted therefrom, he should have due notice of the appointment and qualification of his successor. But such cases are obiter dicta.
In our judgment the allegations of the complaint are legally sufficient. The demurrer was properly overruled, and the judgment of the court below is
Affirmkd.
All the Justices concurring.