## STATE *ex rel.* WOOD V. SHELDON.

1. Const. Art. 14, Sec. 3, provides that "the State University * * * shall be under the control of a board of nine members appointed by the governor and confirmed by the senate, to be designated the 'Regents of Education.' They shall hold their office for six years, three retiring every second year." *Held*, that, there being no provision for their holding over, the term of a regent is absolutely fixed at six years, and at its expiration, unless his successor has been appointed, the office becomes vacant.

2. Laws 1890, Chap. 6, Sec. 1, enacted to carry into effect the provision of the constitution respecting regents of education, having failed to provide for the future appointment of regents, or for the filling of vacancies in the board, and having so fixed the terms of its members that they expire in even numbered years, when the senate is not in session, vacancies caused by the expirations of such terms are to be filled by the governor, under the general provisions of Const. Art. 4, Sec. 8, that "when an office shall, from any cause, become vacant, and no mode is provided by the constitution or law for filling such vacancy- the governor shall have power to fill such vacancy by appointment.

(Opinion filed May 6, 1896.)

Original information in the nature of *quo warranto*, charging the defendant with usurpation of the office of regent of education, and praying an injunction to restrain him from exercising the duties of such office. Application denied.

The facts are stated in the opinion.

*John Wood,* State's Attorney, *C. S. Palmer* and *Mathews & Murphy,* for plaintiff.

*Cheever & Hall,* for defendant.

CORSON, P. J.   This is an original information in the nature of *quo warranto,* brought in this court under the provisions of Sec. 5348, Comp. Laws.   It is alleged in the complaint that the defendant has usurped, intruded into, and unlawfully assumed to exercise, the duties of the office of regent of education, and the state demands judgment against said defendant, declaring him not to be a legal member of the board of regents of education, and not entitled to act as a member thereof.   The plaintiff also prays for an injunction restraining said defendant from acting as a member of said board.   Upon the complaint, and affidavits filed therewith, an order was issued, requiring the defendant to show cause why an injunction should not be granted, as prayed for.   On the return day the defendant appeared, and presented affidavits, from which it appears that he was appointed to the office of regent of education by the Hon. Charles H. Sheldon, governor of the state of South Dakota, and was commissioned by said governor, by a commission bearing date the 12th day of March, 1896, and that he duly qualified and entered upon the discharge of his duties as such regent of education, and that the acts complained of were done by him as such appointed regent of education.   It further appears, from the affidavits on the part of the defendant, that on the 1st day of March, 1896, the term of office as regent of F. G. Hale expired, and that the defendant was appointed regent by the governor in place of said Hale, to fill the vacancy caused by the expiration of the term of office of said Hale.   As the facts stated in the affidavits on the part of the defendant as to the expiration of the term of office of said Hale, and the appointment of the defendant by the governor, and the issuance to him of a commission, is not denied, the only question necessary to be considered is, was the defendant duly appointed a regent of education?

To determine the legality of the appointment of the defendant, two questions present themselves for our determination: First. The term of office of Hale having expired, and no person having been appointed and confirmed by the senate, prior to the expiration of his term, to fill said office, can said Hale, under the constitution and laws of this state, hold over until a successor is appointed and confirmed by the senate? Second. If he cannot so hold over, and ceased to be a member of the board on March 1, 1896, was the governor authorized to appoint and commission the defendant, as regent, to fill the place made vacant by the expiration of the term of said Hale? The authorities seem to be quite uniform in holding that, upon the expiration of an officer's term, unless he is authorized by law to hold over, his rights, duties, and authority as a public officer must, *ipsó facto*, cease. Territory v. Hauxhurst, 3 Dak. 205, 14 N. W. 432; King v. McLure, 84 N. C. 153; Badger v. U. S., 93 U. S. 599; People v. Tieman, 30 Barb. 193; People v. Blain, 6 Cal. 510; 19 Am. & Eng, Enc. Law, p. 434; Meceem Pub. Off. § 396. The constitution of this state creates the office of regent of education, and fixes definitely their term of office. Sec. 3, Art. 14, provides that "they [the regents] shall hold their office for six years, three retiring every second year." It will be observed that by the constitution the full term is definitely fixed at six years. No provision of the constitution has been called to our attention indicating that the framers of that instrument intended the incumbent of the office of regent to hold over until his successor should be appointed and qualified. But, on the contrary, the framers of the constitution have clearly indicated, by the provisions fixing the terms in such manner that three shall retire every second year, that they did not intend to confer upon the incumbent the right to exercise the duties of the office after his term expired. Any other construction would lead to a subversion of the plan adopted in the constitution for the regular succession of regents on the board. Our opinion is, therefore, that when Mr. Hale's term expired

on March 1, 1896, he ceased to be a regent, and his power and authority to act as such then terminated, and thereafter the office was vacant until filled by the governor by the appointment of the defendant. There being no person after March 1st legally authorized to perform the duties of the office, and the office, therefore, being vacant on March 12th, it was the duty of the governor to fill the vacancy, under the provisions of Sec. 8, Art. 4, of the constitution, which provides that "when an office shall, from any cause, become vacant, and no mode is provided by the constitution or law for filling such vacancy, the governor shall have power to fill such vacancy by appointment," unless some other mode has been provided by the constitution or laws for filling the vacancy. No provision has been called to our attention by counsel for the plaintiff, either in the constitution or law, other than the general provision relating to the subject of regents in Sec. 3, Art. 14 of the constitution.

It is suggested by counsel for plaintiff that the vacancy caused by the expiration of the term of office of Mr. Hale is not such, as is specified in Sec. 1385, Comp. Laws, and, therefore, is not a vacancy that can be filled by the governor alone. But there is nothing in the language of Sec. 8, above quoted, indicating that the exercise of the power of appointment by the governor is limited to filling the vacancies provided for in Sec. 1385, or that the framers of the constitution had that section in view in adopting Sec. 8. As will be observed, the langage is general: "When any office shall, from any cause, become vacant, and no mode is provided by the constitution or law for filling such vacancy, the governor shall, etc." Has the constitution provided a mode for filling the vacancy by Sec. 3, Art. 14, of the constitution, which reads as follows: "The State University, the Agricultural College * * * shall be under the control of a board of nine members appointed by the governor and confirmed by the senate, to be designated the 'Regents of Education.' They shall hold their office for six years, three retiring every second year." It is quite clear that this is not a self-exe-

cuting provision, but one which requires legislation to render its provisions effective. It will be observed that the constitutional provision does not assume to fix the time, or regulate the manner of making the appointment. It simply makes general provisions upon the subject, binding upon the legislature and limiting and controlling its power to legislate; but without legislative action full effect cannot be given to the section.

This seems to have been the view taken of this constitutional provision by the first legislature, convened in 1890, as that body proceeded to enact a law for carrying this provision into effect, resulting in the act constituting Chap. 6, Laws 1890. Sec. 1 of that act provided for the appointment of nine persons as regents, fixed their terms of office, and fixed the time and manner of their appointment; but through inadvertence, or some other cause, it failed to make any provision for the appointment of future regents, or for filling vacancies in the board. It is true the last clause of Sec. 3 provides that "all appointments thereafter, except to fill vacancies, shall be made for six years;" but when and how these appointments are to be made is left unprovided for. Possibly this difficulty would have been obviated if the legislature had provided that the terms of the regents should commence and expire on the first of March in the odd-numbered years, when the senate would ordinarily be in session. But, unfortunately, it made the terms of regents to commence and expire in March of the even numbered years, when under ordinary circumstances, no senate would be in session. If, therefore, the governor had attempted to make the appointment of a regent in place of Mr. Hale, under Sec. 3, Art. 14, there was no senate in session to confirm the appointment, and no law in force authorizing the governor to make the appointment, subject to confirmation by a senate that might be thereafter elected. It is further contended that the governor could have made the appointment, in anticipation of the vacancy, the preceding year, when the senate was in session. But such a proceeding, in the ab-

sence of legislative authority, would have been, to say the least, very questionable. McCrary, Elect. § 324. It will be seen, therefore, that there was a vacancy in the office of regent of education, and that no mode for filling such vacancy has been provided by the constitution or laws of this state, other than the provisions of Sec. 8, Art. 4, of the state constitution, and, therefore, the office was properly filled by appointment of the governor, under that section. Offices are created for the benefit of the people, and it is for their interest to have them filled. It was doubtless to prevent the mischief and inconvenience that might result by reason of an office being unfilled, by an incumbent authorized to discharge its duties, that the section above referred to was made part of the state constitution. As this court said in State v. Finnerud, 64 N. W. 121, it is an exceedingly wise provision. It in no way abridges the rights of the people, as they always have it in their power, through their representatives, to make all necessary provisions for the appointment or election of officers, and for filling vacancies in such offices, consistent with the provisions of the constitution. As we have seen, all the difficulties presented in this and the Finnerud Case are the result of the failure on the part of the law making power to make proper legislative provisions for the appointment and confirmation of regents of education, after the expiration of the term of office of the regents provided for by Chap. 6, Laws 1890, and for filling vacancies occuring in the board.

Our conclusion is that, under the constitution and laws now in force, the governor was authorized to fill the vacancy caused by the expiration of the term of office of Mr. Hale by the appointment of the defendant, and that the defendant is a legal member of said board of regents, and legally authorized to perform the duties of a member of said board. The application for an injunction is therefore denied. All the judges concurring.