Teetshorn vs. Hull.

TEETSHORN VS. HULL.

PLEADINGS.  *Statutory penalty — Requisites of complaint — Construction of Statute — Amendments — Presumptions.*
MORTGAGE.  *Failure to release — Right of action — Description in mort- gage.*

1. In an action to recover a statutory penalty, it is sufficient (under R. S., ch. 155, sec. 3,) to allege in the complaint that defendant is indebted to plaintiff in the amount of such penalty according to the provis- ions of the statute (specifying it), and to demand judgment for that amount.

2. But where the complaint in such an action undertakes to recite the *facts* upon which defendant's alleged liability accrued, and adds that "thereby defendant became and is now indebted to plaintiff," etc., "whereby an action accrued according to the provisions" of a cer- tain statute (citing it), the complaint is bad, on demurrer, if it does not recite *all* the facts necessary to constitute a cause of action.

3. Thus, in an action to recover the penalty imposed by sec. 46, ch. 86, R. S., for refusing to discharge a mortgage, if the complaint undertakes to recite the *facts* showing defendant's liability, it is bad if it fails to show that he is either the mortgagor or the assignee of the mortga- gor.

4. Under sec. 21, ch. 125, R. S., a pleading must be construed liberally, with a view to substantial justice between the parties; and where the objection that it does not state a cause of action is not taken until the trial, a greater latitude of presumption will be indulged to sustain it, than where the objection is taken by demurrer.

5. The complaint here (filed in 1871) avers that A. B. and wife, in 1863, executed to defendant the mortgage in question, on certain described premises, "conditioned for the payment of $1,400," as mentioned therein, with interest, etc.; that at the time of its execution, A. B. "was the owner of said premises, and had a legal right to execute the same; that afterwards said premises were duly conveyed to the plaintiff;" and that the plaintiff was at the times therein mentioned, and still was, the owner thereof. On objection taken *at the trial* to the sufficiency of the complaint, *Held,*

(1.) That the fair inference from these averments is, that the mortgagors were the *absolute owners* of the premises *until they executed the mort- gage.*

(2.) That the legal presumption is, that they continued to be such owners until the premises were conveyed to the plaintiff.

Teetshorn vs. Hull.

(3.) That it must be presumed that the premises when the mortgage was executed, were not held *adversely* to A. B., so as to render the mortgage invalid under the statute.

(4.) That it must also be inferred that the mortgagors conveyed the premises to defendant, since he could not otherwise have become the owner, as alleged.

(5.) That it must also be presumed that defendant continued to be the owner of the mortgage, when called upon to discharge it.

6. After defendant's demurrer *ore tenus* had been overruled, plaintiff was permitted to amend the complaint by inserting an express averment that he was the owner of the mortgaged premises as assignee of the mortgagors. *Held*, that the amendment was unnecessary, and did not injure the defendant.

7. LYON, J., is of the opinion that even if the amendment had been necessary to make the complaint state a cause of action, there would have been no error in allowing it; and that the decision in *K—— v. H——*, 20 Wis., 239, so far as it holds the contrary, should be overruled.

8. The statute gives a right of action for a penalty in *all* cases where a mortgage debt has been paid and the holder of the mortgage neglects for seven days after request to discharge the same; and not merely in cases where a court of equity has *adjudged* the debt to have been paid.

9. Whether said statute applies to a deed absolute on its face, which becomes a mortgage only by virtue of a defeasance not expressed therein, is not herein decided.

10. The averment that A. B. "executed to defendant a certain mortgage, conditioned for the payment to said defendant of $1,400, *as mentioned therein*," excludes the idea that the mortgage may be by a deed absolute on its face with a separate defeasance.

11. The northern boundary of the premises is described in the mortgage as commencing at a certain specified point on the west line of a certain section, "running thence *East, at nearly right angles* to said section line *as run by F. J. Stairn*, to the east line of the section;" and the southern boundary line is described as running from a certain point "*west*, to the west line of said section six, *at nearly right angles* thereto *as marked by said Stairn*. "*Held*, that this merely implies that said eastern and western boundaries of the section do not run due north and south; and there is no uncertainty in the description rendering the mortgage void.

12. The complaint avers that the defendant had been requested by plaintiff, at one time, to execute and acknowledge a release, and at another time to execute a satisfaction of the mortgage, and had refused to do so. *Held*, that if defendant has discharged the mortgage by entry

in the margin of the record (sec. 41, ch. 86, R. S.), that is a matter to be set up in defense, and the complaint is not bad for failing to negative such entry.

APPEAL from the Circuit Court for *Walworth* County.

This is an action to recover the penalty imposed by sec. 46, ch. 86 of the Revised Statutes, for refusing and neglecting to discharge a mortgage.    That section is as follows : " If any mortgagee, or his personal representative, or his assignee, as the case may be, after a full performance of the conditions of the mortgage, whether before or after a breach thereof, shall, for the space of seven days after being thereto requested, and after tender of his reasonable charges, refuse or neglect to discharge the same as provided in this chapter, or to execute or acknowledge a certificate of discharge or release thereof, he shall be liable to the mortgagor, his heirs or assigns, in the sum of one hundred dollars damages, and also for actual damages occasioned by such neglect or refusal, to be recovered in an action."

The original complaint alleged that one R. H. Gage and Betsy A. Gage, his wife, in 1863, executed to the defendant a certain mortgage on premises described in the complaint, conditioned for the payment of $1,400, as mentioned therein, with interest payable annually, and that such mortgage was duly recorded in the register's office of Walworth county, June 15th, 1863.    The complaint further alleged, " That at the time of executing said mortgage said Gage was the owner of said premises, and had a legal right to execute the same.    That afterwards the said premises were duly conveyed to this plaintiff, and that the said plaintiff was, at the times hereinafter mentioned, and still is, the owner of said premises.    That on or about May 1st, 1871, he requested the defendant to execute and acknowledge a release of the same, and tendered him his reasonable charges therefor.    That on or about June 24th, 1871, he procured to be made by a notary public a proper and legal discharge of said mortgage, and caused the same to be tendered to the defendant for his signature.    That the defendant has at all

times, when so requested, refused to discharge the said mortgage, and to sign the said satisfaction. That all of the conditions of the said mortgage had, at the times of such requests, been fully performed, and the said debt was fully paid.

The concluding paragraph is as follows : " That thereby the defendant became and is indebted to the said plaintiff in the penalty and sum of one hundred dollars damages, whereby an action accrued, according to the provisions of section 46, chapter 86, revised statutes of Wisconsin. Whereupon the plaintiff demands judgment against the defendant for one hundred dollars, together with the costs of this action." The action was commenced July 15, 1871.

The defendant answered, admitting the execution and recording of the mortgage, and denying each and every other material allegation of the complaint.

On the trial, after a witness had been sworn, and before any testimony had been given, the defendant objected to the admission of any evidence under the complaint, for the reason that it failed to set forth facts sufficient to constitute a cause of action. This objection was overruled, and the defendant duly excepted. The plaintiff was then permitted to amend his complaint by inserting therein an express averment that he is the owner of the mortgaged premises as the assignee of the mortgagors. To this the defendant also excepted, and these are the only exceptions contained in the record.

The trial then proceeded, and resulted in a verdict for the plaintiff for one hundred dollars damages, upon which judgment was entered.

The defendant has appealed from such judgment to this court.

*H. O. Montague*, for appellant.

*T. D. Weeks*, contra.

LYON, J. Section 3, of chap. 155 of the revised statutes, is as follows: "In actions to recover any penalty or forfeiture

imposed by any statute, it shall be sufficient, without setting forth the special matter, to allege in the complaint that the defendant is indebted to the plaintiff in the amount of such penalty or forfeiture, according to the provisions of the statute by which such penalty or forfeiture is imposed, specifying the section and chapter, as the case may require, or in some other similar terms referring to such statute. The complaint shall contain a demand for judgment for the amount of such penalty or forfeiture."

Had the original complaint contained only the last paragraph, or had that paragraph been inserted therein as a separate cause of action, it would have been a good complaint under the above statute. But it is not so inserted. On the contrary, it is found in the same count with the facts specifically pleaded, and is stated as the legal conclusion therefrom. The language is, "That *thereby* the defendant became and is indebted," etc., thus referring to the facts previously stated as constituting the cause of action. It would seem therefore, that if those facts do not constitute a cause of action, the objection to the complaint on that ground was well taken, and should have been sustained notwithstanding the last paragraph thereof.

This brings us to inquire whether the facts specifically stated in the original complaint, constituted a cause of action?

The principal objection taken to the sufficiency of the complaint is, that it failed to aver that the plaintiff is the assignee of the mortgagors. But it is averred therein that the mortgagors owned the premises when they executed the mortgage, and that afterwards the same were duly conveyed to the plaintiff, who thereupon became the owner thereof. The fair inference from this language is, that the mortgagors were the absolute owners of such premises until they executed the mortgage, and the legal presumption is, that they continued to be such owners, subject only to the mortgage, until the premises were conveyed to the plaintiff. This being the presumption, no conveyance to the plaintiff could constitute him the owner of the

mortgaged premises unless the same was executed by the mortgagors. The natural and unavoidable inference from the averments of the original complaint is, therefore, that the mortgagors conveyed the mortgaged premises to the plaintiff. If the mortgagors were the absolute owners of the premises, subject only to the mortgage, when the same were conveyed to the plaintiff, there could have been no unpaid taxes or other incumbrance thereupon, or any outstanding trust estate therein held by another, under which, or by reason of the existence of which, the plaintiff could have obtained title from some source other than from the mortgagors.

It may be thought that this is a very liberal construction of the original complaint, in favor of the pleader. And so it is. But the law requires that it shall be liberally construed. "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties. R. S., ch. 125, sec. 21. Furthermore, a much greater latitude of presumption may be indulged to sustain a complaint, where the objection that it does not state a cause of action, is taken for the first time at the trial, and after issue of fact has been taken upon it by answer, than where the same objection is taken by demurrer. This rule is well settled by the authorities cited by the counsel for the plaintiff. *White v. Spencer*, 14 N. Y., 247 ; *Cady v. Allen*, 22 Barb., S. C., 388 ; *St. John v. Northrup*, 23 id., 25.

In *White v. Spencer*, DENIO, C. J., uses the following language: " We have decided, it is true, that it is the duty of the judge, on the trial, to reject evidence offered in support of immaterial issues. But an issue is not immaterial within the meaning of this rule, on account of the omission of some averment in a pleading which is essential to the full legal idea of the claim or defense which is attempted to be set up. If the court can plainly see, as in this case, what the matter really attempted to be pleaded is, the issue is not immaterial, though it may be defectively stated." P. 251. These remarks are

strictly applicable to this case, for it is easily perceived what was attempted to be pleaded in the original complaint.

Several other objections are taken to the sufficiency of the complaint, in the brief of counsel for the defendant. ·These have all been carefully examined, and our conclusion is, that none of them are well taken. These objections will be noticed briefly.

1. It is suggested that this action cannot be maintained until a court of equity has adjudged that the mortgage debt is paid. The statute upon which the action is predicated contains no such qualification, but gives a right of action in *all* cases where the mortgage debt has been paid, and the holder of the mortgage has neglected, for seven days after request, to discharge the same. We cannot interpolate the qualification for which counsel contend.

2. It is claimed that the complaint does not give the nature of the mortgage, and it is said that it may be in form an absolute deed, which has become an equitable mortgage by reason of the existence of a defeasance separate and distinct from the deed, in which case it is assumed that the statute does not apply to it. However that may be, the complaint shows that the condition of the mortgage in question, so far as the payment of the debt secured thereby is concerned, is inserted in the mortgage. The language of the complaint is that Gage and wife "executed to the defendant a certain mortgage, conditioned for the payment to said defendant of $1,400, *as mentioned therein.*" Of course, this averment excludes the presumption that the mortgage is in form a deed absolute on its face. Whether or not the statute applies to such a mortgage, we do not decide.

3. It is said that the mortgaged premises might have been held adversely to the mortgagors when the mortgage was executed, in which case, under the law then in force, the mortgage would be void, and therefore not within the purview of the statute. It results from what has already been said, that the presumption is that the premises were not held adversely to

Gage. If they were, it is matter of defense. Besides, the objection comes with ill grace from the mortgagee, who has taken the mortgage, recorded it, and received the benefits of a performance of its conditions.

4. It is urged that the mortgage is void as such, because of a fatal defect in the description therein of the mortgaged premises. Two east and west lines are stated therein to run "*at nearly right angles*" to a certain section line "*as run by F. J. Stairn.*" The only criticism of the description is upon the effect of the above words in *italics*. It is well known that all section lines do not run due east and west or due north and south, and the only effect which these words can have is to fix the boundary lines in question as due east and west lines, although the section line mentioned may deflect from a due north and south course. We find no uncertainty in the description of the mortgaged premises.

5. It is objected that there is no allegation in the complaint that the defendant was the owner of the mortgage when he was called upon to discharge the same. It is alleged in the complaint and admitted by the answer that the mortgage was executed to him, and the legal presumption is that he continued to be the owner until the contrary be made to appear. There being no pretence that he ever parted with the mortgage, it sufficiently appears that he owned it when requested to discharge it.

6. The last objection, if understood correctly, is, that the complaint should have averred, not only that the defendant refused to execute a satisfaction of the mortgage, but that he refused to discharge it by an entry in the margin of the record thereof, as provided in sec. 41, ch. 86, R. S. There is no force in the objection. The complaint states that at one time he was requested to execute and acknowledge a release, and at another time to execute a satisfaction of the mortgage, and that he refused to do so. If he had discharged it by entry in the record, that would have been matter of defense.

We think therefore that the court did not err in overruling the defendant's objections to the admission of testimony under the original complaint, and that it was correctly held that the same stated facts sufficient to constitute a cause of action. This disposes of the first exception.

It necessarily follows from the views above expressed, that the amendment to the complaint, permitted by the court, is of no importance. It did not change the character of the pleading or enlarge its scope, and was entirely unnecessary and inoperative. It is impossible that the defendant could have been prejudiced by its allowance. This disposes of the remaining exception.

It is quite unnecessary to decide whether the amendment should have been allowed had the original complaint failed to state a cause of action, because of its failure to aver expressly that the plaintiff was the assignee of the mortgagors, and we do not pass upon that question. I deem it proper, however, to say for myself, that I have no doubt the amendment in that case should have been allowed. If the case of *K——— v. H———*, 20 Wis., 239, holds a different rule, I do not hesitate to say that I think it was wrongly decided, and should be overruled in that particular.

*By the Court*—The judgment of the circuit court is affirmed.