SUPERVISORS OF WASHINGTON COUNTY VS. SEMLER and others.

COUNTY TREASURER: PLEADING. *(1, 2) When office of county treasurer becomes vacant, under the statute. (3, 4) Certain averments, to show occurrence of vacancy, and breach of bond by failure to pay over funds, held insufficient.*

1. The statute (R. S., ch. 13, sec. 125) authorizes the county board of supervisors to appoint a suitable person to fill the office of county treasurer, in case that office shall become *vacant*, or in case the treasurer, "for any cause, shall become incapable of discharging the duties of the office." *Held,* that a county treasurer who has absconded from the state and is a fugitive from justice, is incapable of discharging the duties of the office, within the meaning of the statute.

[2. It would seem, also, that the same result would follow if a county treasurer should refuse or be unable, on lawful demand and without color of legal excuse, to pay over money received by him *virtute officii.* But this is not decided.]

3. In an action on the bond of a county treasurer, the complaint averred that, on etc., he "became and was a confessed public defaulter in his said office." *Held,* on demurrer, that this is not equivalent to an averment that he had failed, on lawful demand, to pay over the public funds in his hands; but the *facts* which render him a defaulter should be alleged.

4. After the averment just recited, it is alleged that the board of county supervisors afterwards "duly filled the vacancy caused by such defalcation," by appointing one W. as treasurer of said county; that W. duly qualified and entered upon the office; and that defendant refused to pay over the county funds in his hands to W. upon demand of the latter. *Held,* that as no authority is shown in the board to appoint W. treasurer, the complaint fails to show any lawful demand upon the defendant for the funds in his hands, and therefore fails to show any breach of his bond.

5. Where the record shows an order obtained by plaintiff from a court com-

missioner, amending the complaint by striking out parts thereof, and a motion made by defendant to the court to vacate such order, but does not show any determination of that motion, this court, on appeal from an order sustaining defendant's demurrer, must treat the complaint as not containing the averments stricken out by the commissioner.

APPEAL from the Circuit Court for *Washington* County.

This action was upon the bond of a county treasurer, against the principal and sureties therein. The complaint alleges the election, in November, 1874, of the defendant *Semler* to the office of county treasurer of Washington county, his due qualification, including the execution of the bond in suit (which is in the form prescribed by statute), and his entry upon the duties of that office, and discharge of them until July, 1876. The complaint, as originally filed, then proceeded as follows: "That afterwards, on the 18th day of July, 1876, the said *Albert Semler* became and was a confessed public defaulter in his said office of treasurer, *and absconded from said county of Washington, and from said state, and became and was a fugitive from justice charged with the embezzlement of the public moneys of and belonging to the* plaintiff *herein;* that afterwards, on the 25th day of July, 1876, the board of supervisors of said county, in compliance with the statute in such case made and provided, duly filled the vacancy caused by the defalcation *and absence* of the said *Albert Semler*, by the due and proper appointment of one Peter Weimer as treasurer of said county, and said Peter Weimer duly qualified as such officer on the same day, and at once entered upon the performance of the duties of said office; and thereupon, on an examination of the books, papers, records, vouchers and moneys pertaining to said office of treasurer, it appeared that the said *Albert Semler* was a public defaulter in his said office of treasurer, in the sum of $14,-032.05 which had come to his hands and possession as such treasurer, and that there then was in his hands and possession the said sum of $14,032.05, which said sum was then due and

owing to said county of Washington, and which it then and there became and was his duty to pay over to his successor in office as provided by law; that on the 18th day of August, 1876, the said Peter Weimer, as such treasurer and in his name of office, made demand in writing upon the said *Albert Semler* for the sum of $14,032.05, then still in the hands and possession of the said *Semler;* and that, upon such demand being made, the said *Semler* absolutely and wholly refused and failed to pay over said sum or any part thereof, and has not since paid the same." Judgment was demanded for the amount of the alleged defalcation.

Before any demurrer was interposed, the defendants, on notice of motion therefor, obtained an order from a court commissioner, striking out those portions of the complaint in italics as above quoted, which allege that the defendant *Semler* had absconded from the state. The plaintiff moved the court to vacate and reverse that order, but the record fails to show any determination by the court of that motion.

The defendants demurred to the complaint as not stating a cause of action; and the plaintiff appealed from an order sustaining the demurrer.

Briefs were filed, by *P. O'Meara* for the appellant, and *Frisby, Weil & Barney* for the respondent; and the cause was argued orally by *Mr. O'Meara* and *L. F. Frisby.*

For the appellant it was contended, that the defendants had waived the order striking out portions of the complaint, (1.) By demurring to the complaint while a motion to set aside said order was pending; and (2.) By abandoning the order in open court after argument. *Franke v. Nunnenmacher,* 23 Wis., 297; *Corlies v. Delaplaine,* 2 Sandf., 680; *Howell v. Ins. Co.,* 24 How. Pr., 475; *Harlow v. Hamilton,* 6 id., 475; *Goch v. Marsh,* 8 id., 439; 1 Ill., 233. 2. That the allegations of the original complaint show such a state of facts as authorized the board of supervisors to appoint a person to perform the duties of treasurer during *Semler's* unexpired

JANUARY TERM, 1877.			377

term. R. S., ch. 13, sec. 125; id., ch. 14, sec. 2; *State v. Newark*, 27 N. J. Law, 197; *Matter of Bagley*, 27 How. Pr., 151; *People v. Stevens*, 5 Hill, 616.

For the respondents it was argued, 1. That the complaint, as amended by the order of the court commissioner, fails to show that the board had any authority to appoint Weimer as treasurer, or that the latter could make any legal demand upon *Semler*. 2. That even if those portions of the complaint which were stricken out should be restored, it would still fail to state a cause of action. The statute (R. S., ch. 14, sec. 2, subd. 4) provides that an office shall become vacant upon the officer's ceasing to be an inhabitant of this state, or of the county or district for which he shall have been elected; but the allegation that *Semler* had "absconded," etc., does not show that he ceased to be a resident of the state or county. At most, it shows only a temporary absence. Moreover, this allegation is neutralized by the subsequent allegation, of demand of *Semler* for the county moneys. It must be presumed that such demand was made in the county, and that he had not ceased to be an inhabitant thereof. The allegation that he was a "fugitive from justice charged with the embezzlement of public moneys," etc., does not show any specific breach of duty, and is one of those general charges which amount to nothing. 1 Pin., 456; 30 Wis., 624, 634. There is no allegation that the treasurer was incapable of discharging the duties of the office. He does not become incapable by merely going out of the state or county, for he can perform his duties by deputy in such a case (R. S., ch. 13, sec. 124), and the law will presume that he performed his duty by a deputy, in his own absence. 3. That the complaint does not show any breach of the bond, because it does not show that *Semler* had in his hands any definite amount of money belonging to the county. It is alleged that, upon an examination of the books, papers, etc., pertaining to said office of treasurer, "*it appeared* that the said *Albert Semler* was a public defaulter" in a specified

sum.    But it is not positively alleged that he had money of the county to that amount in his possession; and the allegation of what appeared from an examination of the books, etc., is merely an averment of *evidence*, which is *inconclusive* in its nature; and such an allegation is bad on demurrer.    2 Wait's Pr., 310, 311, 313; *Emery v. Pease*, 20 N. Y., 62. It is also alleged that Weimer demanded the money as treasurer of Washington county.    But the board are not authorized to appoint a "treasurer," but only a "suitable person" to perform the duties until the vacancy be filled or disability removed.    R. S., ch. 13, sec. 125.    An officer and his bondsmen cannot be made liable upon a demand of this kind, made by a person who assumed to be an officer of the county when he was not such in fact, and when neither the real officer nor his bondsmen had received any notice of such appointment or been called upon to account by the board.

LYON, J.    The portions of the complaint which allege that the defendant *Semler* had absconded from the state, and his absence therefrom, which were stricken out by the order of the court commissioner, were not restored by the mere motion to vacate such order; and hence these allegations are not in the complaint, and formed no part of it when the demurrer was interposed.    It was said in argument, that the whole proceedings to strike out were abandoned, and that the circuit court disregarded the order of the commissioner and passed upon the demurrer as a demurrer to the complaint originally filed.    But we are bound by the record, and that fails to show any such state of facts.

It is not denied that the right of action in this case depends upon the fact that the defendant *Semler* has refused to pay over moneys in his hands as county treasurer on lawful demand therefor.    The demand alleged in the complaint was made by Weimer, whom the board of supervisors had appointed to perform the duties of such office.    If the board had

power to make such appointment, Weimer could legally make such demand, and the failure of *Semler* to pay over the money pursuant thereto is a breach of the condition of his bond, for which an action against him and his sureties may be maintained. But if the board had no such power, Weimer was not authorized to make the demand, and the failure of *Semler* to pay over the money to him is not a breach of such condition, and gives no right of action on the bond. Hence, the controlling question is, Do the facts stated in the complaint show that the plaintiff board of supervisors had lawful authority to appoint Weimer to perform the duties of the office of county treasurer?

The only authority of the board in the premises is conferred by sec. 125, ch. 13, R. S., which is as follows: "In case the office of county treasurer shall become vacant, or in case the treasurer from any cause shall be incapable of discharging the duties of his office, the county board of supervisors may, if in their opinion the interests of the county require it, appoint a suitable person to perform the duties of such treasurer; and the person so appointed, upon giving a bond with the like sureties and condition as that required in county treasurers' bonds, and in such sum as said board shall direct, shall be invested with all the powers and shall perform all the duties of such treasurer, until such vacancy be filled or such disability be removed" (Tay. Stats., 326, § 174).

In the absence of an allegation that *Semler* had absconded from the state, there is no claim that there was a vacancy in the office of county treasurer before the appointment of Weimer; and the question is, whether, at the time such appointment was made, *Semler* was incapable from any cause of discharging the duties of his office.

The language of the statute is general: if, *from any cause,* the disability exists, the board of supervisors may appoint. Sound considerations of public policy require that the statute should have a reasonably liberal construction in favor of the

power.    At least no undue limitations of the power should be interpolated by judicial construction.    The plain purpose of the statute is, that the office shall be filled and its duties performed by some person competent thereto; and hence, if the incumbent cannot fulfill this condition, the board of supervisors is authorized to appoint another in his place, who can do so.

Considering the manifest object of the statute, we cannot doubt that a county treasurer who has absconded from the state and is a fugitive from justice is incapable of discharging the duties of his office, within the meaning of the statute, and that the board of county supervisors may lawfully appoint some other person to discharge the duties of such office.    But, as before stated, the allegation that *Semler* had so absconded is not now in the complaint.

We are also inclined to think that should a county treasurer refuse or be unable, on lawful demand and without color of legal excuse, to pay over money received by him *virtute officii*, the same result would follow.    This proposition is, perhaps, more doubtful than that last above stated, and for that reason, and because no such refusal or inability is alleged in the complaint, we do not determine it.

The general statement that *Semler* was a confessed public defaulter in his office, is not necessarily equivalent to an averment that he had failed on lawful demand to pay over the public funds in his hands.    The term " defaulter " applies as well to any other breach of official duty, however unimportant or trifling.    Correct pleading requires a statement of the facts which render him a defaulter, and these are not stated in the complaint.

We are, therefore, unable to say, from the facts stated in the complaint, that *Semler* was, from any cause, incapable of discharging the duties of his office when Weimer was appointed.    Because such incapacity is not made to appear therein, the complaint fails to show that Weimer was lawfully appoint-

ed or had any authority to make the alleged demand of *Semler*. It has already been said that if not lawfully appointed the demand is nugatory, and the refusal of *Semler* to comply with it is no breach of the conditions of his official bond.

*By the Court.* — The order of the circuit court sustaining the demurrer to the complaint is affirmed.