RODEE, et al., Appellants, v. SEAMAN, Respondent.

(145 N. W. 441.)

1. **Pleadings—Objection to Evidence Under—Liberal Construction—Same as on Demurrer.**

Where a complaint is first attacked by objection to introduction of any evidence thereunder, because not stating a cause of action, it will be construed liberally, and the greatest latitude indulged in to sustain it, without reference to whether the objection had been previously overruled and, on the trial, cured by proper proofs. BonHomme County v. McLouth, 19 S. D. 555, criticised. **Held**, further, that, even treating the objection to the evidence as a demurrer to complaint, such complaint should be construed to allege all facts that can be implied by fair and reasonable intendment from the fact expressly stated.

2. **Fraud—Deceit—Representations of Value—Reliance on.**

Plaintiffs contracted to convey to defendant an interest in a large tract of farm land for three city residence properties, plaintiffs being farm residents and unacquainted with the character and value of defendant's property, except as they were advised by him, while he was well acquainted with the value of plaintiffs' and his own property. Defendant's property was not worth to exceed $12,000, but he knowingly represented it to be worth $19,000, and misrepresented the amount for which each of his three properties was rented, as well as the taxes and the income therefrom, which representations plaintiffs believed and relied on. **held**, that defendant's misrepersentations were not mere opinions, but were statements of fact, and

therefore formed a necessary actionable element of fraud or deceit.

Smith, P. J., concurring specially.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Davidson County. Hon. FRANK B. SMITH, Judge.

Action by Hiram Rodee and another against I. W. Seaman, to recover damages for fraud and deceit in an exchange of real properties. From a judgment for defendant, entered upon sustaining an objection to the introduction of evidence under the complaint, for failing to state a cause of action, plaintiffs appeal. Reversed and remanded.

*Edward E. Wagner,* and *H. A. Rhodee,* for Appellants.

The complaint presents facts sufficient to constitute a cause of action under our statute. Section 1201, Revised Civil Code.

In the case at bar the "subject-matter, the respective knowledge of the parties and the form of the statement," as alleged in the complaint, presented plain questions of fact which were proper for the jury to consider.

A positive assertion made concerning a subject which is susceptible of definite knowledge and upon which the speaker has actual knowledge based upon his own experience, while the other party is ignorant, cannot be said to be merely an expression of opinion, but is a statement of fact. Wilson v. Nichols, 43 Atl. 1052, Conn.; Braley v. Pawers, 42 Atl. 362, Me.; Burns v. Dockray, 30 N. E. 551, Mass.; Hetland v. Bilstad, 118 N. W. 422, (Ia.); Mattauch v. Walsh, 136 Iowa, 225. N. W. 818; Hickey v. Morrell, 102 N. Y. 463, 7 N. 325, 55 Am. Rep. 824; Culley v. Jones, 164 Ind. 168, 73 N. E. 94; Murray v. Tollman, 162 Ill. 417, 41 N. E. 748; McKnight v. Thompson, 39 Neb. 752, 58 N. W. 453; Stonemets v. Head, Mo. 154 S. W. 108.

*Laurits Miller,* and *Spangler & Haney,* for Respondent.

Whether the complaint is attacked by demurrer or by objection to the introduction of any evidence under it, its sufficiency should be tested by the same rule and if it is defective, the courts should not hesitate to so hold.

The true rule as to the construction of complaints when attacked by an objection to the introduction of any evidence, we be-

lieve, is stated in Bon Homme County v. McLouth, 19 S. D. 555, 104 N. W. 256, S. D.

Under any rule of construction, the complaint must fall.. There is no allegation that the plaintiffs were incompetent to do business, or that they had not seen or examined defendant's property in Mitchell, or that they had no opportunity to make any investigation of such property; or that by reason of the representation, made by defendant, the plaintiffs did not make an examination or investigation of said property. The only other allegation which might tend to show a relationship between the parties, is that plaintiffs were not acquainted with defendant's property at the time that they made the deal, and that defendant was an experienced real estate dealer.

Assuming this to be true, it would not create any special relationship between the parties so as to impose upon the defendant the duty to look after the interests of the plaintiffs' side of the transaction.

Where the representation relates to some specific, extrinsic fact which materially affects the value, and if the fact is peculiarly within the vendor's knowledge, and the statement is made with the knowledge of falsity, or what the law regards as equivalent thereto, and which he does to his injury, the representation is actionable. 20 Cyc. and cases cited.

As a rule, if a vendor of property, in order to make a sale, makes positive assertions as to any material fact which is peculiarly within his own knowledge, and of which the purchaser is ignorant, such as the title, area, boundaries, location, rents, profits, or income, may be relied on by the purchaser without further investigation; and if the statements are false and fraudulent, and cause damage to the purchaser, he may hold the vendor liable in damages. 20 Cyc. 55-6; Dwight v. Chase, 3 Ill. App. 67; Speed v. Hollingsworth, 38 Pac. 496 (Kan.), and cases cited; 20 Cyc. 62, and cases cited; De Frees v. Carr, 8 Utah, 438, 33 Pac. 217; Wise v. Fuller, 29 N. J. Eq. 257; Smith on Law of Fraud, Sec. 68.

The general rule is that representations as to value are regarded as mere opinions which do not amount to false representations.    Hoffman v. Wilhelm, 27 N. W. 483, Ia.; Mosher v. Post, 62 N. W. 516, (Wis.)

Where vendor, the plaintiff, stated the value of land as higher than its actual value and vendee had an opportunity to secure the opinion of others on such value, he was bound to know that plaintiff at most, was only expressing an opinion as to the value of the property that he was trying to sell.   Heald v. Yumisko, et al., 75 N. W. 806, N. D.

There is nothing in the complaint to show that the plaintiffs suffered any damages by reason of the variance in figures as to rentals.

The complaint should show that the plaintiffs used ordinary means of information to ascertain the truth of defendant's representations, or that no such means were available, or that the defendant used some means to prevent the plaintiffs from making reasonable inquiry.   Roper v. Noel ( S. Dak.) 143 N. W. 130-132; 20 Cyc. 102; Andrews v. St. Louis Smelting etc. Co., 130 U. S. 643; Brown v. Bledsoe 1 Ida. 746; Parker v. Moulton, 114 Mass., 99, 19 Am. Rep. 315.

The amount of taxes assessed against a piece of property is a matter of record, and can be ascertained by any one who goes to such record for information.   Wyman v. Wilmarth, 46 N. W. 190 S. D.

As to the allegation that the defendant falsely represented to the plaintiffs that his Mitchell property was worth $19000 when in fact it was worth only $12000, it was no more than a mere expression of opinion, which he had a right to make, even though it was not strictly true.   It was only "dealer's talk" or "puffing" which cannot be made the basis of an action for fraud. 20 Cyc. 49, and cases cited;   20 Cyc. 51, 53, and cases cited; Bossingham v. Syck et al., 91 N. W. 1047 (Ia.)

The complaint must allege that plaintiff sustained damage by reason of the fraud, and should show that the relation of cause and effect exists between the fraud and the damage alleged. 20 Cyc. 102-103; Lanton etc., F. Ins. Co. v. Liebes, 105 Cal. 203, 38 Pac. 691; Smith v. Roseboom 13 Ind. app. 284, 41 N. E. 552; Wilson v. Ryder, 10 N. Y. Suppl. 233; Seaman v. Becar, 15 Miss. ( N. Y.) 616, 38 N. Y. Suppl. 69.

The complaint should show that the plaintiff used the ordinary means of information at his command to ascertain the truth of the representations made by the defendant.   20 Cyc. 102; An-

drus v. St. Louis Smelting, etc. Co., 130 U. S. 643; Liland v. Tweto, 125 N. W. 1032.

WHITING, J.   From the complaint herein it was alleged: That plaintiffs and defendant entered into a written contract whereby plaintiffs agreed to trade to defendant an undivided half interest in and to a large tract of agricultural lands situate in Sanborn county, S. D., for three residence properties owned by defendant and situate in the city of Mitchell, S. D.; that, at the time of such contract, plaintiffs were farmers residing on the tract of land they were agreeing to trade and were unacquainted with the character, value, condition, and use and income of the defendant's property, except as they were advised in relation thereto by defendant; that defendant was an experience dealer in real estate and well acquainted with the character, value, condition, and use and income of said property, and with the value of plaintiff's said property, as well as of other properties of the same kinds in the counties where these properties were situate; that plaintiff's property was worth $55,000 and was subject to a mortgage incumbrance of $15,000; that defendant's property was not worth to exceed $12,000, as was well known by defendant but unknown to plaintiffs; that, prior to entering into such contract for exchange, the defendant, well knowing all the above facts, and for the purpose of defrauding plaintiffs, knowingly stated and misrepresented to them that his said property was worth $19,000, and misrepresented the amount for which each of such residence properties was then renting, as well as the annual taxes against and income from said property; that the falsity of all these representations was then well known to defendant; that the said representations so made to plaintiffs by defendant were believed and relied upon by plaintiffs; that the defendant knew that plaintiffs were ignorant of the falsity of his said representations and knew that they relied upon them; that plaintiffs, relying upon said representations, were induced thereby to make and enter into said contract; that thereafter plaintiffs executed and delivered to defendant deeds in accordance with said contract, conveying an undivided one-half interest in and to their property, and delivered possession thereof to him, and received from him conveyances of said Mitchell property; that by reason of such false and fraudulent statements and representations, plaintiffs sustained damages in the sum of $7,000, no part

of which has been paid. Plaintiffs asked judgment for said $7,000 with interest. To this complaint defendant interposed an answer. When the cause was called for trial, defendant objected to any evidence being received under such complaint, contending that it did not allege facts sufficient to constitute a cause of action. This objection was sustained. Plaintiffs did not seek to amend their complaint, and it was dismissed and judgment entered for defendant. Plaintiffs appealed, and the sole question presented to this court is the correctness of the above ruling excluding evidence.

[1] Appellants contend that in construing the sufficiency of a complaint, where objection thereto is first made upon the offer of evidence thereunder, courts should be more liberal in sustaining such complaint than upon a demurrer. Respondent contends that the above rule "can only be invoked where such an objection has been overruled, and the action tried upon its merits, and the imperfections of the pleading cured by proper proof." We are unable to harmonize the views of this court as we find them announced in the cases of Whitbeck v. Sees, 10 S. D. 417, 73 N. W. 915, and Bon Homme County v. McLouth, 19 S. D. 555, 104 N. W. 256. In each of these cases after issue joined by answer, the trial court, as in the case now before us, sustained an objection to introduction of evidence, when such objection was based upon the ground that the complaint did not state facts sufficient to constitute a cause of action. In the earlier case, exactly as in the case at bar, after the trial court had sustained the objection to any evidence under the complaint, the plaintiff declined to amend the complaint. This court reversed such ruling and, in so doing, said: "Construed liberally, as it must be after issue is joined by answer upon the merits, our conclusion is that every essential ingredient of a cause of action can be fairly gathered from the averments of the complaint, and that the objection to the introduction of any evidence thereunder, because facts sufficient to constitute a cause of action were not alleged should have been overruled. Robbins v. Barton, 50 Kan. 120, 31 Pac. 686; Moore v. Shields, 121 Ind. 267, 23 N. E. 89; Hazelton v. Bank, 32 Wis. 34. It is the settled practice in this jurisdiction to indulge the greatest latitude to sustain a complaint assailed for the first time at the trial by an objection to the introduction of any evidence on the ground that

facts sufficient to constitute a cause of action are not stated. Stutsman Co. v. Mansfield, 5 Dak. 78, 37 N. W. 304; Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Sherwood v. City of Sioux Falls, 10 S. D. 405, 73 N. W. 913." In the later case in sustaining the ruling of the trial court, this court said: "Plaintiff's contention that the complaint should be most liberally construed, because it was first attacked by an objection to the introduction of any evidence, is not tenable. That rule can only be invoked where such an objection has been overruled, the action tried upon its merits, and the imperfections of the pleading cured by proper proof." We are of the opinion that this court was right in the earlier case, and that the trial court, in the case at bar, should have indulged in the greatest latitude to sustain the complaint herein; furthermore, even treating the objection to the evidence as a demurrer to the complaint, such complaint should have been construed "to allege all the facts that can be implied by fair and reasonable intendment from the fact expressly stated." Dunlap v. C. M. & St. P. Ry. Co., 144 N. W. 226.

[2] The chief controversy herein centers upon the question of whether or not the representation by defendant as to the value of his property can be the basis of an action for deceit. What can be gathered from the express averments of this complaint and from all "that can be implied by fair and reasonable intendment from the facts expressly stated," when we indulge that latitude that should have been indulged by the trial court? One party is an expert, one fully advised as to the value of both the city and rural properties and known to the others to be so advised; he knows the others are ignorant as to the value of his property; he knows they are relying upon his knowledge as to such value and will receive his representation as to the value of such property as the representation of a fact, to-wit, the real value of the property—in other words he knows that they are not dealing with him on equal terms. Knowing this, and with full knowledge of the unfairness of the proposed trade, he, for the purpose of defrauding them, gives to them, not his opinion, not the fact which as an expert he knows, but he gives to them a representation as to such fact, the value of the property, which representation he knows to be false.

The courts, recognizing the well-known proneness of man to

look, as though through magnifying glasses, upon that which is his own, universally hold that ordinarily a false representation by one as to the value of his property cannot form the basis of an action for deceit. This rule should never be held to rest upon any legal right of a person to misrepresent his own property, to do an intentional wrong, but should be held to rest solely upon the fact that the other party has ordinarily no right to rely upon the correctness of such party's judgment, when applied to a thing in which he has a personal interest. It follows that ordinarily it is immaterial, so far as the ultimate rights of one party to a sale or trade are concerned, whether the other party makes to him a true or false representation regarding the value of such other party's property. The law demands that where two parties are dealing on equal terms, "at arm's length," each party rely upon his own judgment. Having no right to rely upon the representations of the other, such a party, while he may in fact suffer actual loss or damage from having relied upon such representations, can suffer no legal injury. As was said by this court in Hyde v. M., D. & P. Ry. Co. et al., 29 S. D. 220, 136 N. W. 92, 40 L. R. A. (N. S.) 48: "One thing that has often led to confusion is in not distinguishing clearly between 'injury' and 'damage,' and in the careless use of the one term where the other should have been used. A person cannot be injured unless he has been wronged, and he cannot be wronged unless some right is infringed. Legal damage is the loss or detriment caused by the injury, the wrong, the infringement of some right vested in one. Moreover, one is not wrongged, though he may have suffered damages, unless he has suffered the infringement of some right vested in him, which right is superior to the right vested in the party causing the damage, upon which right such other party defends against the consequence of his own acts."

Therefore, where one has no right to rely upon the representations of another as to value there is no right to be infringed by the false representations of that other. Upon the other hand, where, under the circumstances surrounding the parties, one had a right to rely upon the representations of the other, even though those representations be as to the value of a thing, a false representation knowingly made is an infringement of such right, from which infringement there results legal injury for which the in-

jured party may obtain redress in money damages. The sole question then is: "Did appellants have the legal right to rely upon the representation made by respondent? Was the making of such representation an infringement of a legal right possessed by appellants?" The answer to this question depends upon whether, under the facts and circumstances revealed by the complaint and to be inferred from a liberal construction of such complaint, the parties hereto were not dealing upon equal terms, and this through no inexcusable fault or neglect of appellants. While it is true that the man without special knowledge is prone to overvalue his property, yet it is likewise true that in all lines of business, and in connection with all kinds and classes of property, we have those who, through special study or unusual opportunities and experience, have become possessed of unusual information regarding the value or quality of some particular piece or class of property, so that their judgment thereon is accurate, and little, if any influenced by the fact of personal interest therein. Upon the honest judgment of such a person, the law, based as it is upon human experience, gives another the right to rely even in connection with a transaction between such parties, unless both parties are possessed of such special knowledge. This right is given, though the party may have an opportunity to see and inspect the property himself, because the law recognizes that even then the judgment of the one should be superior to that of the other; that, under such circumstances, the statement of opinion as to the value of property is a statement of a material fact, the fact that such opinion exists. It follows that whenever two parties are so situated that the one is much better informed as to some material matter connected with the subject matter of a sale or trade contemplated between such parties, and his opportunities for knowing the truth in relation thereto are such as to warrant a prudent man in relying upon his opinion in relation thereto, his representation as to such opinion, may, in a given case, form one of the necessary elements of fraud or deceit. Whether a given case presents facts showing the parties to be so situated is a question within the peculiar province of the jury to determine. What we have said herein is sustained by the following authorities: 14 Am. and Eng. Law, 205-208; 20 Cyc. 126d; Teague v. Irwin, 127 Mass. 217; Amer. Nat. Bk. v. Hammond, 25 Colo. 367, 55 Pac. 1090; Collins v. Jackson, 54

Mich. 186, 19 N. W. 947; Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523; Coulter v. Minion, 139 Mich. 200, 102 N. W. 660; Stonemets v. Head (Mo.) 154 S. W. 108; Reeves v. Corning (C. C.) 51 Fed. 744; Murray v. Tolman, 162 Ill. 417, 44 N. E. 748; People v. Peckens, 153 N. Y. 576, 47 N. E. 883; Hetland v. Bilstad, 140 Iowa, 411, 118 N. W. 422.

In Hetland v. Bilstad the court said: "The situation is somewhat like that of an expert who undertakes to impart information on a subject not generally understood. By the authorities generally, those to whom such information is imparted may rely thereon as a statement of fact. A person in giving an opinion on value or quality as one having special knowledge on the subject to another known by him not to be possessed of any knowledge thereof is in a similar situation, and it is immaterial whether we say that the expression of an opinion in such a case amounts to a statement of fact, or that the opinion is so expressed as impliedly to represent facts which will support it as is sometimes said. Certain it is that opinions of value and quality may be so made as to constitute representations of fact. To hold otherwise would open a fruitful field for the exploitation of dishonest ingenuity and render courts powerless to correct some of the gravest wrongs."

Our views as above expressed render it unnecessary to consider the other questions raised. The trial court clearly erred in excluding evidence under the complaint.

The judgment appealed from is reversed.

SMITH, P. J. (concurring specially). I am inclined to the view that the case of Bon Homme County v. McLouth, 19 S. D. 555, necessarily overruled the decision of this court in Whitbeck v. Sees, 10 S. D. 417. In the former case the court held that the rule of liberal interpretation of the complaint should be applied, where an objection to the sufficiency of the complaint was sustained. In the latter case the court held that this rule could only be applied where the objection had been overruled and the case tried on its merits. The error in the McLouth case was in holding that the rule referred to could "only be invoked where such objection has been overruled." I think the same rule is applicable alike in both cases. In neither case can it be applied where allegations essential to constitute a cause of action are omitted from the complaint.

13—Vol. 33, S. D.

In such case the complaint is bad, whether the objection to it be sustained or overruled. I cannot conceive of a case in which the rule of interpretation could be made so elastic as to supply an essential averment, wholly lacking in the complaint.

I concur in the conclusion announced in Judge Whiting's opinion.